Opinion by Judge GRABER; Partial Concurrence and Partial Dissent by Judge B. FLETCHER. Partial Concurrence and Partial Dissent by Judge IKUTA.
OPINION
GRABER, Circuit Judge:
Petitioner Joseph Young petitions for review of the Board of Immigration Appeals’ (“BIA”) decision affirming a final order of removability. The BIA held that Petitioner is ineligible for cancellation of removal because he has been convicted of an aggravated felony. With a differently configured majority concurring as to each of the following issues, we hold:
(1) Petitioner failed to exhaust the claim that his conviction was not for a violation of a law relating to a controlled substance within the meaning of 8 U.S.C. § 1227(a)(2)(B)©. We therefore lack jurisdiction over that claim.
(2) The evidentiary limitations articulated in Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), apply when determining, under the modified categorical approach, whether a prior conviction renders an alien ineligible for cancellation of removal as an aggravated felon under 8 U.S.C. § 1229b.
(3) Under the modified categorical approach, a guilty plea to a conjunctively phrased charging document establishes only the minimal facts necessary to sustain a defendant’s conviction. In other words, when a conjunctively phrased charging document alleges several theories of the crime, a guilty plea establishes a conviction under at least one, but not necessarily all, of those theories. In so deciding, we reconcile our inconsistent precedents on this issue by adopting one line of cases — including Malta-Espinoza v. Gonzales, 478 F.3d 1080, 1082 n. 3 (9th Cir.2007) — and rejecting the other, including United States v. Snellenberger, 548 F.3d 699, 701 (9th Cir.2008) (en banc) (per curiam).
(4) An alien cannot carry the burden of demonstrating eligibility for cancellation of removal by merely establishing that the *980 relevant record of conviction is inconclusive as to whether the conviction is for an aggravated felony. We overrule Sandoval-Lua, v. Gonzales, 499 F.3d 1121, 1130-31 (9th Cir.2007), and Rosas-Castaneda v. Holder, 655 F.3d 875, 883-84 (9th Cir. 2011), to the extent that they conflict with this holding.
Applying those four holdings to the facts of this case, as we will explain below, we dismiss the petition in part and deny it in part.
FACTUAL AND PROCEDURAL BACKGROUND
Petitioner Joseph Young is a native and citizen of St. Kitts and Nevis. He became a lawful permanent resident of the United States in 1977.
In February of 2005, Petitioner pleaded guilty to “Sale/Transportation/Offer to Sell” cocaine base in violation of California Health & Safety Code section 11352(a).[1] He received a sentence of three years’ imprisonment.
Soon thereafter, the government issued a Notice to Appear, charging Petitioner with removability both as an alien convicted of an offense relating to a controlled substance, 8 U.S.C. § 1227(a)(2)(B)©,[2] and as an alien convicted of an aggravated felony related to illicit trafficking in a controlled substance, id. § 1227(a)(2)(A)(iii).[3]
At the immigration hearing, the government produced a copy of the electronic court docket in California Case No. BA270389 and a felony complaint and information in the same case. Count 1 of the information charged:
On or about August 26, 2004, in the County of Los Angeles, the crime of SALE/TRANSPORTATION/OFFER TO SELL CONTROLLED SUBSTANCE, in violation of HEALTH & SAFETY CODE SECTION 11352(a), a Felony, was committed by JOSEPH CHRISTOPH [sic] YOUNG, who did unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, *981 sell, furnish, administer, and give away, and attempt to import into the State of California and transport a controlled substance, to wit, COCAINE BASE.
Thus, the information tracked the wording of section 11852(a) in its entirety, except that the charge used the conjunctive “and,” whereas the statutory text uses the disjunctive “or.” The court records show that Petitioner pleaded guilty to Count 1. At the immigration hearing, he also admitted the factual allegations in the Notice to Appear.
Following the hearing, the immigration judge (“IJ”) held that Petitioner was removable on both grounds charged in the Notice to Appear. With respect to the aggravated felony ground, the IJ ruled that Petitioner’s guilty plea to Count 1 of the information constituted a plea “to each and every allegation,” including the sale of cocaine, because Count 1 had been charged in the conjunctive. Accordingly, the IJ held that Petitioner was ineligible for cancellation of removal and ordered him removed.
The BIA affirmed in a reasoned opinion. Noting that Petitioner had failed to challenge the IJ’s holding that he was removable for a controlled substance conviction, the BIA upheld his removal on that ground. The BIA did not address whether Petitioner was also removable for an aggravated felony conviction.
Next, the BIA held that Petitioner was ineligible for cancellation of removal. Citing 8 U.S.C. § 1229a(e)(4) and 8 C.F.R. § 1240.8(d), the BIA observed that Petitioner had the burden of establishing his eligibility for cancellation, which thus required Petitioner to show that he had not been convicted of an aggravated felony. The BIA agreed with the IJ that, under Ninth Circuit precedent, the guilty plea to the conjunctively phrased Count 1 established every factual allegation contained therein. Analyzing the record before it, the BIA found no evidence that Petitioner had not been convicted of an aggravated felony.
Petitioner timely filed a petition for review. He makes two main arguments. First, he argues that the BIA erred in finding him removable for having been convicted of an offense relating to a controlled substance. Second, he challenges the BIA’s ruling that he is ineligible for cancellation of removal because he was convicted of an aggravated felony.
STANDARDS OF REVIEW
Where, as here, the BIA conducts its own review of the evidence and law, “our review is limited to the BIA’s decision, except to the extent that the IJ’s opinion is expressly adopted.” Antonyan v. Holder, 642 F.3d 1250, 1254 (9th Cir. 2011) (internal quotation marks omitted). We review de novo all questions of law, including whether a particular conviction qualifies as an aggravated felony. Id.; Carlos-Blaza v. Holder, 611 F.3d 583, 587 (9th Cir.2010). We review factual findings for substantial evidence. Antonyan, 642 F.3d at 1254. The BIA’s factual findings “are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B).
DISCUSSION
A. We lack jurisdiction over the claim that Petitioner was not convicted of a controlled substance offense.
Petitioner first contends that his conviction was not for a controlled substance offense. Specifically, he argues that California Health & Safety Code section 11352(a) regulates more substances than the federal Controlled Substances Act does. We must dismiss this claim.
*982 We lack jurisdiction to consider the merits of a legal claim not presented to the BIA. Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004). Presenting an argument to the BIA requires reasoning sufficient to put the BIA on notice that it was called on to decide the issue. Zhang v. Ashcroft, 388 F.3d 713, 721 (9th Cir.2004) (per curiam). A general challenge to the IJ’s decision is insufficient; the alien must specify particular issues on appeal to the BIA. Zara v. Ashcroft, 383 F.3d 927, 930 (9th Cir.2004).
Under those standards, Petitioner failed to alert the BIA to this issue. Although he points to certain statements in his brief to the BIA, those statements pertained only to his removability as an aggravated felon. Indeed, the sentences on which he relies are in the middle of a section titled “THE IMMIGRATION JUDGE ERRED IN FINDING THAT [PETITIONER] WAS CONVICTED OF AN AGGRAVATED FELONY.” Taken as a whole and fairly read in context, neither the notice of appeal nor the brief to the BIA informed the BIA of a challenge to the controlled substance ground of removability. Therefore, we dismiss this unexhausted challenge.[4]
B. The record of conviction is inconclusive as to whether the conviction was for an aggravated felony; thus, Petitioner has not carried the burden of establishing his eligibility for cancellation of removal.
Petitioner next argues that the BIA erred in finding him to be an aggravated felon and thus ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3). We deny the petition for review on this claim.
1. Shepard limits the documents that we may consider.
In both criminal and immigration contexts, we often must inquire whether an individual’s prior state conviction constitutes a conviction for a generic federal crime. See, e.g., Gonzales v. Duenas-Alvarez, 549 U.S. 183, 185-86, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007) (applying, in the immigration context, the approach set forth in Taylor v. United States, 495 U.S. 575, 599-600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), in the criminal sentencing context); United States v. Aguilar-Montes de Oca, 655 F.3d 915, 922 (9th Cir.2011) (en banc) (per curiam) (Bybee, J., opinion) (noting that we “have extended that Taylor/Shepard framework” to a variety of contexts, including immigration). “The categorical and modified categorical frameworks, first outlined by the Supreme Court in [Taylor] establish the rules by which the government may use prior state convictions to enhance certain federal sentences and to remove certain aliens.” Aguilar-Montes de Oca, 655 F.3d at 917.
Under the categorical approach, we “look only to the fact of conviction and the statutory definition of the prior offense.” Taylor, 495 U.S. at 602, 110 S.Ct. 2143; see also Kawashima v. Holder, — U.S. -, 132 S.Ct. 1166, 1172, 182 L.Ed.2d 1 (2012) (“[W]e employ a categorical approach by looking to the statute defining the crime of conviction, rather than to the specific facts underlying the crime.”). In applying the categorical approach, we “ ‘compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute [of conviction] is broader than the generic federal definition.’ ” Cortez-Guillen v. Holder, 623 F.3d *983 988, 935 (9th Cir .2010) (alteration in original) (quoting Cerezo v. Mukasey, 512 F.3d 1163, 1166 (9th Cir.2008)).
Here, the statute of conviction, California Health & Safety Code section 11352(a), is admittedly broader than the generic federal crime because it encompasses some conduct outside the definition of the federal crime. An “aggravated felony” is defined in 8 U.S.C. § 1101(a)(43)(B) as “including a drug trafficking crime (as defined in section 924(c) of Title 18).” Section 11352(a), however, criminalizes the mere solicitation of, or offer to sell, a controlled substance, which is not an aggravated felony, Leyvar-Licea v. INS, 187 F.3d 1147, 1150 (9th Cir.1999), as well as the sale of cocaine, which is one. Under the categorical approach, therefore, Petitioner’s conviction does not qualify as an aggravated felony.
When, as here, the state statute of conviction criminalizes a broader range of conduct than the generic federal crime, we employ the “modified categorical approach,” which requires us to determine whether “a jury was actually required to find all the elements” of the generic federal crime. Aguila-Montes de Oca, 655 F.3d at 920 (internal quotation marks omitted). When applying the modified categorical approach in the context of a guilty plea, we must “determine whether a guilty plea to an offense defined by a nongeneric statute necessarily admitted elements of the generic offense.” Id. at 921 (emphasis added) (internal quotation marks omitted).
In Shepard, 544 U.S. at 26, 125 S.Ct. 1254, the Supreme Court imposed evidentiary limitations on the types of documents that we may consider under the modified categorical approach; we may review only the charging instrument, transcript of the plea colloquy, plea agreement, and comparable judicial record of this information. Id. That holding applies here.
The dissent on this point would hold that, when determining eligibility for cancellation of removal, the IJ should be able to consider evidence beyond the documents allowed under Shepard. Judge Ikuta’s dissent at 994-95, 1000. The dissent relies heavily on Nijhawan v. Holder, 557 U.S. 29, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), to reach that conclusion. But in Nijhawan, the Supreme Court allowed inquiry beyond the Shepard documents only after it held that the statutory text demanded a circumstance-specific inquiry, rather than a categorical one.[5] Id. at 40, 129 S.Ct. 2294. As we have previously observed, in Nijhawan, “[t]he Court held that the provision calls for a ‘circumstance-specific,’ not a ‘categorical,’ interpretation.” Aguilar-Montes de Oca, 655 F.3d at 921 (internal quotation marks omitted). For that reason, the Court rejected the *984 application of the modified categorical approach and held that, in determining whether a previous conviction met the $10,000 threshold, the immigration court need not observe the evidentiary limitations articulated in Shepard. Id. Under Nijhawan, then, a fact-specific approach is appropriate only when the statute refers to “the specific circumstances in which a crime was committed,” id. (internal quotation marks omitted), but the modified categorical approach — with its attendant evidentiary limitations — continues to apply when the statute refers to generic crimes.
Unlike in Nijhawan, the statutory text at issue here provides no justification for abandoning the now-traditional modified categorical approach in favor of a “circumstance-specific” inquiry. See Carachuri-Rosendo v. Holder, — U.S. -, 130 S.Ct. 2577, 2586, 177 L.Ed.2d 68 (2010) (holding that, to determine eligibility for cancellation of removal, the focus of the inquiry is on the prior “conviction itself,” not on the circumstances surrounding the conviction, and suggesting that the categorical approach is appropriate to determine whether a prior conviction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), the provision at issue here). Instead, § 1229b requires a legal assessment of whether the prior crime of conviction constitutes a generic federal offense. 8 U.S.C. § 1229b(a)(3). In answering that question, we may not consider whether the conduct underlying the prior conviction potentially could meet the elements of a federal generic offense, but must, instead, determine the elements upon which the conviction necessarily rested. Aguila-Montes de Oca, 655 F.3d at 920-21.
If anything, the Supreme Court’s reasoning for why Shepard did not apply in Nijhawan supports the application of Shepard here. The Court explained that Shepard had no application to a circumstance-specific inquiry because Shepard “developed the evidentiary list ... for [the purpose] of determining which statutory phrase (contained within a statutory provision that covers several different generic crimes) covered a prior conviction.” Nijhawan, 557 U.S. at 41, 129 S.Ct. 2294. “[W]hich statutory phrase ... covered a prior conviction,” id., is precisely the inquiry before us here.
The dissent also points to 8 U.S.C. § 1229a(c)(4)(B) to support the position that the Shepard evidentiary limitations do not apply. Judge Ikuta’s dissent at 994-95. But that provision merely allows the IJ to require corroborative evidence for testimony presented by the applicant, even when the witness is deemed credible.[6] 8 U.S.C. § 1229a(c)(4)(B); Rosas-Castaneda, 655 F.3d at 884-85. It says nothing about opening the door for additional evidence to supplement the documentary record of conviction allowed under Shepard. Thus, nothing in the text of the statute suggests that courts may depart from the usual categorical and modified categorical approaches when determining whether a prior conviction precludes eligibility for cancellation of removal. Moreover, in explaining the modified categorical approach, the Supreme Court has emphasized the importance of strictly limiting the inquiry. See, e.g., Shepard, 544 U.S. at 23, 125 S.Ct. 1254 (holding that strict evidentiary limitations were “the heart” of the framework created in Taylor).
*985 Finally, even the dissent agrees that the modified categorical approach applies here and that the IJ must “adjudicate only the nature of the conviction.” Judge Ikuta’s dissent at 1001-02,1002-03. But the additional evidence that the dissent would have the IJ consider is largely irrelevant to the question that matters for the modified categorical approach. Under the modified categorical approach, determining the nature of the conviction means deciding which elements a jury “was actually required to find” or which elements the guilty plea “necessarily admitted.” Aguila-Montes de Oca, 655 F.3d at 920-21 (emphasis omitted). Extraneous evidence, such as police reports or the alien’s testimony, cannot answer that precise legal question.
Accordingly, in conducting the modified categorical analysis to determine whether Petitioner was convicted of an aggravated felony, we may rely only on the documents allowed under Shepard.

2. Under the modified categorical approach, a guilty plea to a conjunctive count does not necessarily admit every possible version of the crime.

Under the Shepard limitations, the only relevant document before the BIA was the criminal information. To reiterate, it alleged that Petitioner The question thus becomes whether, under the modified categorical approach, Petitioner’s guilty plea constitutes an admission of transporting, importing, selling, furnishing, administering, and giving away cocaine, and offering or attempting to do those things, or whether, instead, it simply establishes that he was convicted for at least one of those acts. In other words, if a defendant pleads guilty to “A and B,” where either “A” or “B” is sufficient to sustain a state conviction but only the commission of “A” would constitute a generic federal offense, then, under the modified categorical approach, did the defendant necessarily admit both “A” and “B”?
did unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport a controlled substance, to wit, COCAINE BASE.
A threshold consideration is whether we are to answer that question under federal law or under state law. We hold that federal law principles determine the effect of a guilty plea under the modified categorical approach. To apply the disparate rules of the many possible convicting jurisdictions — potentially from each of the 50 states, the territories, and many foreign countries — would undermine the principles of uniformity and simplicity that led the Supreme Court to adopt the categorical approach in Taylor. See Aguila-Montes de Oca, 655 F.3d at 964 (Berzon, J., concurring in judgment) (observing that applying state procedural rules to determine whether non-elemental facts are admitted by a defendant’s guilty plea adds a “layer of dis uniformity in the application of the modified categorical approach”). Moreover, applying federal principles rather that state law rules to determine the effect of a guilty plea conserves judicial resources and prevents inter-circuit splits over the interpretation of state procedural rules.[7] We turn, then, to our inconsistent *986 precedents, which implicitly applied federal law as we now explicitly do.
Our jurisprudence contains two lines of cases, each providing a different approach. Compare Snellenberger, 548 F.3d at 701 (holding that a guilty plea to a conjunctively phrased information constitutes an admission of all the allegations contained therein),[8] with Malta-Espinoza, 478 F.3d at 1082 n. 3 (holding that a guilty plea to a conjunctively phrased charging document alleging several theories of the crime does not constitute an admission to all of the alternate theories).[9] We now adopt the Malta-E spinoza line of cases and hold that, under the modified categorical approach, when a conjunctively phrased charging document alleges several theories of the crime, a guilty plea establishes conviction under at least one of those theories, but not necessarily all of them.
The nature of the modified categorical framework suggests that, when a defendant pleads guilty to a charging document alleging “A and B,” that plea implies a conviction for “A” or “B.” Under the modified categorical approach, we must “determine whether a guilty plea to an offense defined by a nongeneric statute necessarily admitted elements of the generic offense.” Aguila-Montes de Oca, 655 F.3d at 921 (emphasis added) (internal quotation marks omitted). We have held that a guilty plea “is an admission of each and every element required to establish the offense.” United States v. Kidder, 869 F.2d 1328, 1332-33 (9th Cir.1989). “The effect is the same as if appellant had been tried before a jury and had been found guilty on evidence covering all of the material facts.” United States v. Davis, 452 F.2d 577, 578 (9th Cir.1971) (per curiam).
But, when an indictment charges several theories of the same crime, proof of any one of those theories would be sufficient to establish the offense. When the underlying statute proscribes more than one act disjunctively, it is common for prosecutors to charge in the conjunctive, yet it is well established that, to prove such a charge, a prosecutor need only prove in the disjunctive — one version of the crime. Malta-Espinoza, 478 F.3d at 1082. In other *987 words, when a statute proscribes “A or B,” a prosecutor who indicts a defendant on a charge of “A and B” need only prove “A” or “B” in order to achieve a conviction. See United States v. Booth, 309 F.3d 566, 572 (9th Cir.2002) (“When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any one of those conjunctively charged acts may establish guilt.”).
Thus, when an indictment charges several theories, admission of any one of those theories constitutes “an admission of each and every element required to establish the offense.” Kidder, 869 F.2d at 1332-33. The implication is that
allegations not necessary to be proved for a conviction ... are not admitted by a plea. Any other rule would be inconsistent with the rationale underlying these decisions that the effect of a guilty plea is the same as if defendant had been tried before a jury and had been found guilty on evidence covering all of the material facts.
Cazares, 121 F.3d at 1247 (internal quotation marks and brackets omitted). The fact that a guilty plea admits all elements necessary to sustain a conviction does not imply that it also admits all unnecessary or duplicative elements charged as alternative theories of the crime.
Indeed, holding that pleading guilty to a charging document that alleges “A and B” necessarily admits “A” and “B” would create inconsistency in the application of the modified categorical framework to jury convictions and guilty pleas. We have held that, under the modified categorical approach, a defendant found guilty by a jury under an indictment alleging “A and B” was not necessarily convicted of both “A” and “B.” United States v. Espinoza-Morales, 621 F.3d 1141, 1149-52 (9th Cir. 2010). In those circumstances, assuming that “A” would qualify as a predicate offense and “B” would not, the jury was not “actually required to find all the elements” of the generic crime, because the jury could have based its conviction on the defendant’s commission of “B” alone. Id. at 1151 (emphasis added) (internal quotation marks omitted); see id. at 1149-50 (holding that the prior conviction for sexual battery did not fit the federal definition because, “[e]ven though the state charged [the defendant] in the conjunctive — with accomplishing the penetration by means of force, violence, duress, menace and fear— this charge could have supported a conviction based on duress alone”). Unless the jury’s verdict form specified (or the jury instructions made clear) that the finding of guilt necessarily rested on the defendant’s commission of “A,” the conviction would not qualify as a predicate offense. Id. at 1150-52. Similarly, a defendant who pleads guilty to “A and B” should not be held to have necessarily admitted either allegation, unless other documents, such as the defendant’s statements at the plea colloquy, establish a narrower basis for the conviction.
The foregoing conclusion comports with the decisions of our sister circuits that have considered the issue under federal law. The Third and Fourth Circuits have held that, under the modified categorical approach, a defendant who pleads guilty to “A and B” does not admit both “A” and “B.” United States v. Vann, 660 F.3d 771, 774 (4th Cir.2011) (en banc) (per curiam); Valansi v. Ashcroft, 278 F.3d 203, 214, 216-17 & n. 10 (3d Cir.2002). Instead, the plea establishes conviction for “A” or “B,” so a record of conviction consisting solely of the charging instrument would be inconclusive. Vann, 660 F.3d at 774; Valansi, 278 F.3d at 214, 216-17 & n. 10. Of course, if the defendant admitted either “A” or “B” during the plea colloquy, that *988 would constitute an admission of the particular conduct. Cf. Valansi, 278 F.3d at 214 (scrutinizing the plea colloquy to determine whether the defendant admitted fraudulent intent when the indictment charged the defendant with “intent to injure and defraud”). The Fifth Circuit has reached the same conclusion, although it has sometimes relied on state law to do so. See United States v. Morales-Martinez, 496 F.3d 356, 359-60 (5th Cir.2007) (relying on state law); see also Omari v. Gonzales, 419 F.3d 303, 308 & n. 10 (5th Cir.2005) (apparently relying on federal law to hold that a defendant who pleads guilty to “interstate transportation of stolen, converted and fraudulently obtained property” does not necessarily admit to transporting fraudulently obtained property).
The Eighth and Tenth Circuits have reached the opposite conclusion, holding that pleading guilty to “A and B” necessarily establishes “A” and “B,” but both courts relied on state law to reach that result. United States v. Ojeda-Estrada, 577 F.3d 871, 877 (8th Cir.2009); United States v. Torres-Romero, 537 F.3d 1155, 1159-60 & n. 2 (10th Cir.2008). Because we have held that federal law applies to this issue, we do not find the Eighth and Tenth Circuits’ decisions persuasive. Furthermore, Federal Practice and Procedure states that the “better rule” is the one that treats the plea as “an admission of only those facts that are essential to the conviction.” 1A The Late Charles A. Wright et al., Federal Practice and Procedure § 172 (4th ed. 2012).
In sum, when either “A” or “B” could support a conviction, a defendant who pleads guilty to a charging document alleging “A and B” admits only “A” or “B.” Thus, when the record of conviction consists only of a charging document that includes several theories of the crime, at least one of which would not qualify as a predicate conviction, then the record is inconclusive under the modified categorical approach.
Applying that rule to this case reveals that the record is inconclusive as to whether Petitioner was convicted of an aggravated felony. Petitioner pleaded guilty to a conjunctively phrased indictment that alleged several theories of the crime, any one of which would have sustained a state conviction, but only some of which would constitute an aggravated felony. Because we cannot tell from the record of conviction whether Petitioner was convicted of selling cocaine, which is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), or merely of solicitation, which is not, Petitioner’s record of conviction is inconclusive. See Rosas-Castaneda, 655 F.3d at 885 (holding that solicitation offenses do not constitute aggravated felonies under 8 U.S.C. § 1101(a)(43)(B)).
3. An inconclusive record of conviction does not satisfy Petitioner’s burden to demonstrate eligibility for cancellation of removal.
The REAL ID Act places the burden of demonstrating eligibility for cancellation of removal squarely on the noncitizen. 8 U.S.C. § 1229a(c)(4); 8 C.F.R. § 1240.8(d). Under the Act, the alien “shall have the burden of establishing that he or she is eligible for any requested benefit or privilege.” 8 C.F.R. § 1240.8(d). Thus, “[i]f the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.” Id. (emphasis added). To demonstrate eligibility for cancellation of removal, the petitioner must show that he or she “has not been convicted of any aggravated felony.” 8 U.S.C. *989 § 1229b(a)(3). By placing the burden on the alien to show that prior convictions do not constitute aggravated felonies, the REAL ID Act established that an inconclusive record of conviction does not demonstrate eligibility for cancellation of removal, notwithstanding our holdings to the contrary in Sandoval-Lua, 499 F.3d at 1130, and Rosas-Castaneda, 655 F.3d at 886.
In the removal context, the government bears the burden of establishing deportability. Young Sun Shin v. Mukasey, 547 F.3d 1019, 1024 (9th Cir.2008). When the record of conviction is inconclusive, “the government has not met its burden of proof, and the conviction may not be used for purposes of removal.” Tokatly v. Ashcroft, 371 F.3d 613, 624 (9th Cir. 2004). It makes equal sense that when the burden rests on the alien to show eligibility for cancellation of removal, an inconclusive record similarly is insufficient to satisfy the alien’s burden of proof. See Salem v. Holder, 647 F.3d 111, 115-16 (4th Cir. 2011) (holding that an inconclusive record is insufficient to carry the alien’s burden of demonstrating eligibility for cancellation of removal), cert. denied, — U.S. -, 132 S.Ct. 1000, 181 L.Ed.2d 733 (2012); Garcia v. Holder, 584 F.3d 1288, 1289-90 (10th Cir.2009) (same). But see Martinez v. Mukasey, 551 F.3d 113, 122 (2d Cir.2008) (holding that an inconclusive record satisfies the alien’s burden).
This result comports with our general understanding of the burden of persuasion, which determines “which party loses if the evidence is closely balanced.” Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 56, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005). The party who bears the burden runs “the risk of non-persuasion.” Overman v. Loesser, 205 F.2d 521, 523 (9th Cir.1953); see also Black’s Law Dictionary 223 (9th ed. 2009) (“[B]urden of proof denotes the duty of establishing by a fair preponderance of the evidence the truth of the operative facts upon which the issue at hand is made to turn by substantive law.” (internal quotation marks omitted)). Here, the critical inquiry is whether the alien was convicted of a predicate crime. Because the burden of proof rests on the alien, the alien must establish that he or she was not convicted of such a crime. If the evidence is “closely balanced,” Schaffer, 546 U.S. at 56, 126 S.Ct. 528, the alien cannot carry that burden. By demonstrating that the record of conviction is inconclusive, the alien has failed to establish the absence of a predicate crime. Instead, the alien has simply demonstrated that the evidence about the nature of the conviction is in equipoise. The alien therefore cannot carry the burden of proof with an inconclusive record.
The dissent on this point argues that it is unfair to require aliens to demonstrate that they have not been convicted of a predicate crime and to require them to rely only on certain state court records in doing so. Although some aliens will surely face challenges using only the Shepard documents to prove that they were not convicted of a predicate crime, that result is not so absurd that Congress could not have intended it. The dissent’s contrary conclusion boils down to its belief that, because of the imbalance of power between the alien and the state, the alien should receive the benefit of the doubt when the record is inconclusive. But the plain text of the statute dictates otherwise. By definition, the party who bears the burden of proof does not get the benefit of the doubt. Here, Congress has placed the burden on the alien; to give the alien the benefit of the doubt would thus contravene Congress’ plainly expressed intent.
In summary, the REAL ID Act makes clear that the alien bears the burden of *990 demonstrating eligibility for cancellation of removal. It would be inconsistent with our general understanding of the burden of proof to allow the alien to meet that burden by establishing only an inconclusive record. To the extent that SandovalLua and Rosas-Castaneda allow the alien to do so, they are hereby overruled. A petitioner cannot carry the burden of demonstrating eligibility for cancellation of removal by establishing an inconclusive record of conviction.
Applying that rule to this case, it is clear that Petitioner has failed to meet his burden of demonstrating eligibility for cancellation of removal. The record of conviction, as discussed above, is inconclusive, because Petitioner pleaded guilty to a charging document alleging 14 different theories of how he could have violated California Health & Safety Code section 11352(a), some — but not all — of which would qualify as aggravated felonies. It is possible that Petitioner’s prior conviction constitutes an aggravated felony; it is also possible that it does not. But Petitioner bears the burden of demonstrating that he was not convicted of an aggravated felony, and he has failed to do so. The BIA therefore correctly denied Petitioner’s application for cancellation of removal.
PETITION DISMISSED IN PART, DENIED IN PART.

.California Health & Safety Code section 11352(a) states:
Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport (1) any controlled substance specified in subdivision (b), (c), or (e), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for three, four, or five years.

. Title 8 U.S.C. § 1227(a)(2)(B)© states:
Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one’s own use of 30 grams or less of marijuana, is deportable.

. Title 8 U.S.C. § 1227(a)(2)(A)(iii) states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable.”
An aggravated felony is defined by 8 U.S.C. § 1101 (a)(43)(B), which states in pertinent part: "The term 'aggravated felony' means ... (B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)[.]”

. Because the BIA found Petitioner removable only on the controlled substance ground, it did not reach the question whether he is removable for conviction of an aggravated felony. Neither do we.

. In Carachuri-Rosendo v. Holder, - U.S. -, 130 S.Ct. 2577, 2586 n. 11, 177 L.Ed.2d 68 (2010), the Supreme Court recognized the narrowness of its holding in Nijhawan:
Our decision last Term in Nijhawan ... rejected the so-called categorical approach ... when assessing whether, under 8 U.S.C. § 1101(a)(43)(M)(i), a noncitizen has committed "an offense that ... involves fraud or deceit in which the loss to the ... victims exceeds $10,000.” Our analysis was tailored to the "circumstance-specific” language contained in that particular subsection of the aggravated felony definition. And we specifically distinguished the “generic” categories of aggravated felonies for which a categorical approach might be appropriate — including the "illicit trafficking” provision — -from the "circumstance-specific” offense at hand. Moreover, ... there was no debate in Nijhawan over whether the petitioner actually had been "convicted” of fraud; we only considered how to calculate the amount of loss once a conviction for a particular category of aggravated felony has occurred.
(Citations omitted.)

. Aliens have the burden of establishing many requirements to demonstrate eligibility for cancellation of removal, and they may introduce testimony to establish, for instance, that they had "good moral character during” their presence in the United States or "that removal would result in exceptional and extremely unusual hardship to the alien’s spouse, parent, or child.” 8 U.S.C. § 1229b(b)(l).

. We still may look to state law to understand the meaning of a state-specific type of plea to a state criminal charge. For example, in United States v. Vidal, 504 F.3d 1072, 1087 (9th Cir.2007) (en banc), we relied on California law to determine that, "in the context of a People v. West plea [in a California state court], a court is not limited to accepting a *986 guilty plea only to the offense charged but can accept a guilty plea to any reasonably related lesser offense.” (Internal quotation marks and brackets omitted.) In other words, we consulted state law to understand that a West plea might constitute a guilty plea to one of several offenses, including conduct other than that alleged in the charging document. Id. at 1088. Whether a guilty plea to an overly inclusive conjunctive charge suffices to establish conviction for a generic federal crime is, however, a question of federal law.

. See also Aguila-Montes de Oca, 655 F.3d at 945 (concluding, without analysis, that "[wjhen a defendant pleads guilty to a count, he admits the factual allegations stated in that count”); United States v. Williams, 47 F.3d 993, 995 (9th Cir.1995) ("When a defendant pleads guilty ... to facts stated in the conjunctive, each factual allegation is taken as true.”) (citing United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987)); Mathews, 833 F.2d at 163 ("The effect of a guilty plea is well established: it is an admission of all the elements of a formal criminal charge and conclusively admits all factual allegations of the indictment.” (internal quotation marks and citation omitted)).

. See also Vidal, 504 F.3d at 1088-89(holding that a guilty plea to an overly inclusive charge does not establish that the defendant was convicted of a generic crime); Penuliar v. Mukasey, 528 F.3d 603, 612-14 (9th Cir.2008) (same); United States v. Forrester, 616 F.3d 929, 945 (9th Cir.2010) (noting that the court "declin[es] to treat guilty pleas as admitting factual allegations in the indictment not essential to the government's proof of the offense” (internal quotation marks omitted)); United States v. Cazares, 121 F.3d 1241, 1248 (9th Cir.1997) (holding that the effect of a guilty plea is limited “to an admission of the facts essential to the validity of the conviction”).