FILED

**NOT FOR PUBLICATION**

OCT 26 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO ALFONSO ACEVEDO DE LEON, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70052 <br><br> Agency No. A017-838-384 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued March 7, 2012
Submitted October 24, 2012
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Francisco Acevedo de Leon ("De Leon") petitions for review of a December

28, 2010 decision rendered by the Board of Immigration Appeals ("BIA"). The

BIA affirmed an immigration judge's decision finding De Leon ineligible for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

cancellation of removal, pursuant to 8 U.S.C. § 1229b, because he was convicted of an aggravated felony.

We use the modified categorical approach to determine whether a petty theft with priors conviction under Cal. Penal Code §§ 484(a) and 666 constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). *See United States v. Rivera*, 658 F.3d 1073, 1076-77 (9th Cir. 2011). Under that approach, De Leon contends that the record evidence (the single-count felony complaint alleging that he "did unlawfully . . . steal take and carry away the personal property of Wal Mart," plus the abstract of judgment recording his guilty plea to that count) does not establish that his 2009 conviction is an aggravated felony, because the abstract of judgment does not expressly indicate that De Leon pleaded guilty "as charged in the complaint." *Cf. Fregozo v. Holder*, 576 F.3d 1030, 1040 (9th Cir. 2009) ("[T]o identify a conviction as the generic offense through the modified categorical approach, when the record of conviction comprises only the indictment and the judgment, the judgment must contain the critical phrase 'as charged in the Information.'" (citation omitted)).

We assume for the purposes of this case, without deciding, that De Leon has established, because of the absence of that phrase, that it is inconclusive whether his 2009 petty theft with priors conviction qualifies as an aggravated felony.

Under the REAL ID Act, which "places the burden of demonstrating eligibility for cancellation of removal squarely on the noncitizen," "an inconclusive record of conviction does not demonstrate eligibility for cancellation of removal." *Young v. Holder*, — F.3d —, 2012 WL 4074668, at *9 (9th Cir. Sept. 17, 2012) (en banc).

De Leon also asks us to take judicial notice of the plea hearing transcript underlying his California state conviction. "Generally our review is confined to the administrative record before the BIA." *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010). We may review out-of-record evidence only where the BIA considers the evidence; the BIA abuses its discretion by failing to consider the evidence; the evidence comes from the BIA's own records; or the evidence was not available at the time the BIA made its decision. *Id.*; *Gafoor v. I.N.S.*, 231 F.3d 645, 655-56 (9th Cir. 2000), *superseded by statute on other grounds*, Pub. L. 109-13, div. B, § 101(h)(2), 119 Stat. 231, 305 (2005). De Leon does not contend that the plea transcript falls under any of these exceptions. Therefore, we deny his request for judicial notice.

For the foregoing reasons, De Leon's petition is **DENIED.**