**NOT FOR PUBLICATION**

FEB 13 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKIENE GREG GRANGER, | No. 11-71436 |
| Petitioner, | Agency No. A044-251-269 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Akiene Greg Granger, a native and citizen of Trinidad and Tobago, petitions

for review of a Board of Immigration Appeals' order summarily affirming an

immigration judge's removal order. We dismiss the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the agency's removal order because Granger conceded at the pleading stage of his removal proceedings that he is removable under 8 U.S.C. § 1227(a)(2)(C) due to his conviction for possession of a firearm by a felon under California Penal Code § 12021(a)(1). *See* 8 U.S.C. § 1252(a)(2)(C) (stripping the court of jurisdiction to review removal orders predicated on convictions for firearm offenses); *see also Flores-Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir. 2000) (applying the jurisdictional bar in the case of an alien who conceded removability due to his conviction).

Granger's challenge to the agency's aggravated-felony determination is not sufficiently colorable to establish our jurisdiction because *Young v. Holder*, 697 F.3d 976, 989 (9th Cir. 2012) (en banc), forecloses his argument. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context . . . , the claim [or question] must have some possible validity." (internal quotation marks and citation omitted)).

**PETITION FOR REVIEW DISMISSED.**

11-71436