**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HARLEY EDMOND MAILOA; LINCE ROHANI PURBA; CEISCRAD HARLON UCOK; VICTOR YOHANES PARLINDUNGAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70886 <br><br> Agency Nos. A096-362-897 <br> A096-362-898 <br> A096-362-899 <br> A096-362-900 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 7, 2013
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

Harley Edmond Mailoa, a native and citizen of Indonesia, petitions for

review (along with his wife and two sons, who are derivative applicants) of the

Board of Immigration Appeals decision affirming an order of removal and denial

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We lack jurisdiction to review the decision to deny the asylum claim, and we conclude that the denial of the other claims was supported by substantial evidence. Accordingly, we dismiss in part and deny in part the petition for review.

The asylum claim was denied primarily based on the IJ's finding that the application was not filed within one year of arrival. An applicant can excuse the one-year deadline by establishing "changed circumstances" under 8 U.S.C. § 1158(a)(2)(D). After an alleged changed circumstance, an applicant must apply for asylum within a "reasonable period." 8 C.F.R. § 208.4(a)(4)(ii). Mailoa failed to challenge the IJ's determination that Mailoa's delay—assuming he could demonstrate changed circumstances—was unreasonable. We therefore lack jurisdiction to consider Mailoa's challenge to the one-year bar applied to his asylum claim. *Young v. Holder*, 697 F.3d 976, 982 (9th Cir. 2012) (en banc).

Mailoa contends that the derivative asylum applications of his sons, Ceiscrad and Victor, are not barred because they can demonstrate "extraordinary circumstances," to excuse the one-year deadline. An applicant can establish an "extraordinary circumstance," excusing an untimely application for asylum, when the applicant was an unaccompanied minor during the one-year period after

2

arriving in the United States. 8 C.F.R. § 1208.4(a)(5)(ii). Neither Ceiscrad nor Victor were unaccompanied when they entered the United States, however, so they cannot establish extraordinary circumstances.

At no point in the immigration proceedings, nor in his petition for review, has Mailoa raised the sons' ability to establish "changed circumstances" under 8 C.F.R. § 1208.4(a)(4)(i)(C). Thus, we cannot address that issue. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1999). In addition, the Board based its adverse credibility finding, in part, on the sons' testimony, so that finding would pervade the merits of any asylum claim the sons could have arguably presented.

Mailoa challenges the adverse credibility finding, but the IJ's determination was supported by substantial evidence. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (applying pre-REAL ID Act credibility case law). The inconsistencies in the testimony and the significant omissions from the asylum application went to the heart of Mailoa's claims. *See id.* (inconsistencies regarding key events forming basis of asylum claim are sufficient to support an adverse credibility finding); *Kin v. Holder*, 595 F.3d 1050, 1056–57 (9th Cir. 2010) (affirming adverse credibility finding based on omissions from application when omitted incidents formed basis of asylum application). For instance, Mailoa omitted from his declaration in support of his application all instances of violence

allegedly suffered by him and his family. Mailoa's testimony, along with that of his sons and wife, frequently emphasized the severity, proximity and frequency of the violence in Indonesia. Even minor inconsistencies going to the heart of an asylum claim may, considered collectively, deprive a claim of the "requisite ring of truth." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (internal quotation marks omitted). Accordingly, substantial evidence supports the Board's adverse credibility finding.

Substantial evidence supported the denial of the claims for withholding of removal and relief under the Convention. Because of the adverse credibility finding, Mailoa presented no credible evidence of an individualized risk of future persecution, nor sufficient evidence of past persecution. *Wakkary v. Holder*, 558 F.3d 1049, 1065–66 (9th Cir. 2009) (holding that some evidence of individualized risk is necessary to establish the sufficient likelihood of future persecution).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**