FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 01 2013

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO VILLA RODRIGUEZ, | No. 09-71562 |
| Petitioner, | Agency No. A077-973-372 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

Petitioner Arturo Villa Rodriguez petitions for review of the Board of

Immigration Appeals decision dismissing his appeal. The BIA affirmed the denial

of Villa Rodriguez's application for an adjustment of status on the ground that he

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

did not qualify for a waiver under INA § 212(h) of his prior conviction for a controlled substance offense. 8 U.S.C. § 1182(h). We agree with the BIA that Villa Rodriguez did not qualify for the section 212(h) waiver and therefore deny his petition for review.

An individual convicted of a controlled substances offense may qualify for a section 212(h) waiver only if the conviction was for "a single offense of simple possession of 30 grams or less of marijuana." INA § 212(h), 8 U.S.C. § 1182(h). Villa Rodriguez failed to demonstrate that his conviction under California Health and Safety Code § 11360(a) – which pertains to the transport, import, sale, furnishing, administering, and giving away of marijuana – was a conviction for simple possession of marijuana.

In *Young v. Holder*, 697 F.3d 976, 988–90 (9th Cir. 2012) (en banc), we held that a noncitizen bears the burden of showing eligibility for cancellation of removal. This case concerns a waiver of inadmissibility rather than cancellation of removal, but the same principle applies here, because Villa Rodriguez's ultimate goal was to avoid removal, and a section 212(h) waiver is a "benefit or privilege." *Id*. at 988 (quoting 8 C.F.R. § 1240.8(d)). It was therefore Villa Rodriguez's burden to demonstrate his eligibility for the section 212(h) wavier.

2

The inconclusive record of conviction failed to satisfy Villa Rodriguez's burden. *See id.* at 989 ("[A]n inconclusive record of conviction does not demonstrate eligibility for cancellation of removal."). The only judicially noticeable document in the record, *see Aguilar-Turcios v. Holder*, 691 F.3d 1025, 1032 (9th Cir. 2012), the complaint, merely tracked the language of section 11360(a). It gave no indication of the facts on which Villa Rodriguez's conviction necessarily rested. *See id.*; *see also Young*, 697 F.3d at 990.

Having concluded that Villa Rodriguez did not qualify for a section 212(h) waiver because he failed to establish that he was convicted of simple possession of marijuana, we need not reach the issues of whether the BIA erred in concluding that the amount of marijuana in issue was not less than 30 grams, and whether Villa Rodriguez was convicted of an aggravated felony.

**PETITION DENIED.**