FILED

JUN 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IGNACIO DIAZ-PEREZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-70644

Agency No. 031-083-017

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2013[**]
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and Korman, District Judge.[***]

Ignacio Diaz-Perez seeks review of a decision by the Board of Immigration

Appeals ("BIA").  He contends that the BIA erroneously decided he was ineligible

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

for cancellation of removal under 8 U.S.C. § 1229b(a).

In December 2005, an Arizona grand jury indicted Diaz-Perez on three drug-related counts. Diaz-Perez pleaded guilty to Count 2, which stated that he "knowingly transported for sale, imported into this state, or offered to transport for sale or import into this state, sold, transferred, or offered to sell or transfer Methamphetamine, a dangerous drug, . . . in violation of [Arizona statutes]."

In April 2009, the government began proceedings to remove Diaz-Perez from the United States. It specifically sought removal under 8 U.S.C. § 1227(a)(2)(B)(i), which authorizes removal of aliens who have violated a state's controlled-substance law. An immigration judge ("IJ") found Diaz-Perez removable for his commission of "a controlled substance violation." Diaz-Perez argued that he was eligible for a "cancellation of removal" under 8 U.S.C. § 1229b(a). That provision allows the Government to cancel the alien's removal if he: "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a).

The only dispute is whether Diaz-Perez's 2005 drug conviction constituted an "aggravated felony." Diaz-Perez pleaded guilty to a statute that prohibits

several types of conduct; some of the prohibited acts constitute an "aggravated felony," but others do not. To determine what Diaz-Perez had admitted, the IJ ordered Diaz-Perez to provide a transcript of his 2005 plea proceedings. Diaz-Perez returned in possession of the 2005 plea transcript, but he refused to give the transcript to the IJ and instead argued that he did not have to provide any evidence to establish his eligibility for cancellation of removal. The IJ rejected this argument, found Diaz-Perez ineligible for a cancellation of removal, and ordered him removed to Mexico.

On appeal, the BIA held that Diaz-Perez had the burden to establish that he had not committed an "aggravated felony," which included the burden to produce corroborating documents as requested by the IJ. Because he failed to do so, the BIA dismissed his appeal. Diaz-Perez then filed a petition for review.

Diaz-Perez has the burden to establish his eligibility by proving that he has not committed an aggravated felony. *See* 8 U.S.C. §§ 1229a(c)(4), 1229b(a). But he cannot carry this burden, once he admits a state drug crime, "by merely establishing that the relevant record of conviction is inconclusive as to whether the conviction [was] for an aggravated felony." *See Young v. Holder*, 697 F.3d 976, 979–80 (9th Cir. 2012) (en banc).

Accordingly, Diaz-Perez's petition for review is

**DENIED**.