**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERTO DURAN-GALAVIZ, AKA Jose Barajas Martinez<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER JR., Attorney General of the United States,<br><br>Respondent. | Nos. 09-70021, 09-72338<br><br>Agency No. A095-682-888<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 15, 2013
San Francisco, California

Before:    CLIFTON, and BEA, Circuit Judges, and KORMAN,
Senior District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Roberto Duran-Galaviz ("Duran") seeks review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision to deny his application for cancellation of removal, and the BIA's order denying his motion to reconsider the dismissal. Duran admitted he was removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), which authorizes removal of any "alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General." In his applications seeking cancellation of removal Duran admitted that he had pled guilty to drug possession. Subsequently, in testimony before the IJ he admitted that he served roughly a year in prison for possession of crack cocaine. Based on these admissions, the IJ found that Duran was statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (made applicable to applications for cancellation of removal by 8 U.S.C. § 1229b(b)(1)(C)).

Duran unsuccessfully appealed to the BIA, arguing that, notwithstanding his own admissions, the record in front of the IJ did not contain any judicially noticeable evidence of his conviction and therefore was insufficient to justify denial of his application for cancellation of removal. We deny his petition for review of the BIA's decision as well his petition for review of the BIA's denial of his motion for reconsideration.

Where there is evidence that one of the grounds for mandatory denial of an application for cancellation of removal applies, "the alien [has] the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d); *see also* 8 U.S.C. § 1229a(c)(4). Moreover, we recently held that where the ground for mandatory denial of cancellation is a criminal conviction the applicant must make an affirmative showing that he "has not been convicted of" a disqualifying crime. *Young v. Holder*, 697 F.3d 976, 988 (9th Cir. 2012) (en banc) (quoting 8 U.S.C. § 1229b(a)(3)). This burden cannot be met "by merely establishing that the relevant record of conviction is inconclusive as to whether" the conviction was for an offense that would make the alien inadmissible. *Id.* at 979–80.[1]

Duran's own admissions were more than sufficient to raise the possibility that he was disqualified and required him to show that he had not been convicted of an offense that would bar him from relief. Duran did not come forward with any evidence suggesting that he did not in fact commit a disqualifying crime or that the

---

[1] If Duran's controlled substance conviction had been the basis for the Notice to Appear, then the government would have had the burden of proof. But in this case, Duran already admitted he was removable on other grounds, and he is applying for cancellation of removal. Thus, the burden falls on him and the unclear record means he has not met his burden of proof.

crime he committed was not disqualifying. Thus, he failed to carry his burden of proving his eligibility for the relief requested.

**PETITIONS FOR REVIEW DENIED.**