**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUNWEI WU,

　　　　　　　Petitioner,

　　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　　　Respondent.

No. 10-73499

Agency No. A089-778-545

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2014
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[**]

　　Junwei Wu petitions for review of the determinations of the Board of

Immigration Appeals (BIA) that he failed to establish asylum, withholding of

removal, and relief under the Convention Against Torture (CAT). We review for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

substantial evidence and will reverse only if the record compels a contrary conclusion. *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010).

Assuming that Wu engaged in other resistance to China's "one couple, one child" policy, the record does not compel the conclusion that Wu suffered past persecution or has a well-founded fear of future persecution on account of his resistance. *See Li v. Ashcroft*, 356 F.3d 1153, 1158-59 (9th Cir. 2004). Although his wife's forced abortion serves as some proof that he suffered past persecution, that alone is not sufficient to establish past persecution. *Jiang*, 611 F.3d at 1095-96. To further support his claim, Wu argues that he suffered past persecution when the director of the local birth planning office threatened to have him sterilized if he ever again attempted to have another child with his wife. We have held that "repeated and especially menacing death threats can constitute a primary part of a past persecution claim, particularly where those threats are combined with confrontation or other mistreatment." *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000). By his own admission, however, Wu did not receive "repeated and especially menacing death threats." Rather, he was threatened with sterilization only once.

Wu further argues that he suffered past persecution because his wife was fired from her job for attempting to have a second child and that his wife's unemployment caused financial hardship for his family. Nevertheless, Wu failed to specifically raise

this issue in his appeal before the BIA and we therefore lack jurisdiction to review it. *Young v. Holder*, 697 F.3d 976, 982 (9th Cir. 2012).

Substantial evidence also supports the BIA's conclusion that Wu does not have a well-founded fear of future persecution. Wu testified at his removal proceeding that he wants to have more children, but fears that he will be sterilized by birth planning authorities should his wife become pregnant again. Wu's fear, however, is too speculative to qualify as objectively reasonable. *See Nagoulko v. I.N.S.*, 333 F.3d 1012, 1018 (9th Cir. 2003).

The BIA correctly concluded that Wu's failure to establish a well-founded fear of persecution forecloses eligibility under the more demanding standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Finally, substantial evidence supports the BIA's denial of CAT relief because Wu failed to establish that it is more likely than not he will be tortured if removed to China. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**