**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO NOCELOTL, | No.   15-73784 |
| Petitioner, | Agency No. A073-869-637 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

Armando Nocelotl, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order of removal.  We have jurisdiction under 8 U.S.C.

§ 1252.   We review for abuse of discretion the denial of a motion for a

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

continuance and review de novo constitutional claims. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We review for abuse of discretion the decision to deem an application abandoned. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying a continuance to seek post-conviction relief for failure to show good cause, where Nocelotl provided no evidence that he had begun to seek post-conviction relief. *See* 8 C.F.R. § 1003.29; *Sandoval-Luna*, 526 F.3d at 1247 (no abuse of discretion in denying a motion for a continuance where the relief sought was not immediately available to petitioner); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

The agency did not abuse its discretion in determining that Nocelotl abandoned his application for relief, where he did not file the application with the immigration court by the deadline the IJ imposed. *See* 8 C.F.R. § 1003.31 (applications in removal proceedings must be filed with the immigration court, and if an application "is not filed within the time set by the [IJ], the opportunity to file

that application . . . shall be deemed waived"); *Taggar*, 736 F.3d at 889 (petitioner abandoned application where she did not file it by the IJ's deadline).

The record does not support Nocelotl's contention that there was ambiguity concerning the filing deadline or that the agency misstated evidence.

Contrary to Nocelotl's contention, the agency provided sufficient reasoning for its determinations. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**