NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALBERT ALEXANDER NAVARRO-PANIAGUA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-72699 <br><br> Agency No. A089-927-518 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2018[**]
Portland, Oregon

Before: M. SMITH and MURGUIA, Circuit Judges, and HELLERSTEIN,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Albert Alexander Navarro-Paniagua, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1). We review questions of law de novo and the agency's factual findings for substantial evidence. *Zetino v. Holder*, 622 F.3d 1007, 1011–12 (9th Cir. 2010).

As an initial matter, we decline to review the IJ's adverse credibility determination and the IJ's finding that petitioner's asylum filing was time-barred. It is well settled that when "the BIA conducts its own review of the evidence and law, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Villavicencio v. Sessions*, 879 F.3d 941, 945 (9th Cir. 2018) (internal quotation marks omitted) (quoting *Young v. Holder*, 697 F.3d 976, 981 (9th Cir. 2012) (en banc)). Because the BIA expressly declined to rely on the IJ's adverse credibility and time bar determinations, we confine our review to the reasons given by the BIA. *Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 & n.4 (9th Cir. 2005) (explaining that when the BIA "constrict[s] the scope of its opinion to apply to only one ground upon which the IJ's decision rested," our review is limited to the grounds upon which the BIA relied); *see also Parussimova v. Mukasey*, 555 F.3d 734, 738 n.3 (9th Cir. 2009).

As to petitioner's application for asylum and withholding of removal, the BIA held that petitioner failed to prove that he was a member of a particular social group entitled to protection under the Immigration and Nationality Act ("INA"). Petitioner proposed that he was a member of the particular social group of United States deportees with United States citizen children. This proposed group is not particularized and distinct within Salvadoran society and therefore cannot constitute a particular social group. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1084, 1091–93 (9th Cir. 2013). There is substantial evidence to support the BIA's conclusion that petitioner's proposed group does not qualify as a particular social group under the INA.

The BIA also held that petitioner failed to establish a nexus between his fear of future harm resulting from gang activity and his proposed social group. Petitioner based his claim on a handful of indiscriminate acts of gang violence against members of his extended family in El Salvador. But as we have previously explained, "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground," *Zetino*, 622 F.3d at 1016, and therefore does not alone support an application for asylum. Petitioner failed to show a nexus between his proposed social group and gang activity in El Salvador. As such, substantial evidence supports the BIA's holding.

3

The BIA also found that petitioner was not entitled to relief under the CAT. To prevail on such a claim, petitioner must show that it is more likely than not that he will be tortured if he returns to El Salvador, by or with the acquiescence, including through willful blindness, of a government official. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). Petitioner has not claimed that he has been tortured in the past, nor has he established that he is likely to be tortured in the future. Petitioner's primary evidence in support of his CAT claim, which consists of two random acts of gang violence and one threat against an extended family member dating back more than a decade, is insufficient to show that it is more likely than not he will be tortured in El Salvador. *Id.* Substantial evidence therefore supports the BIA's denial of relief under the CAT.

**PETITION DENIED.**