**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODOLFO ADALBERTO CARDONA, | No. 09-72416 |
| Petitioner, | Agency No. A092-435-967 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2013**
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

Petitioner Rodolfo Adalberto Cardona appeals the Board of Immigration

Appeals decision dismissing his appeal. The BIA concluded that Cardona was

ineligible for cancellation of removal because he failed to demonstrate that his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

conviction of transporting more than 28.5 grams of marijuana in violation of California Health and Safety Code § 11360(a) was not a conviction of an aggravated felony. We deny his petition for review.

Applying the modified categorical approach, we conclude that Cardona's conviction qualified as an aggravated felony for immigration purposes because it involved "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43)(B); s*ee also Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006) ("A state drug offense is an 'aggravated felony' for immigration purposes only if it would be punishable as a felony under federal drug laws, or if it contains a trafficking element."). It was Cardona's burden to demonstrate his eligibility for cancellation of removal. *See Young v. Holder*, 697 F.3d 976, 988–90 (9th Cir. 2012) (en banc). Nothing in his record of conviction, however, demonstrated that the facts on which his conviction necessarily rested did not constitute illicit trafficking of marijuana. *See id.* at 989 ("Because the burden of proof rests on the alien, the alien must establish that he or she was *not* convicted of such a crime."); *Aguilar-Turcois v. Holder*, 691 F.3d 1025, 1032 (9th Cir. 2012) ("The modified categorical approach requires that we determine, in light of the facts in the judicially noticeable documents, . . . what facts the conviction necessarily rested on  . . . ." (internal quotation marks omitted)).

2

To the contrary, Cardona admitted in his plea agreement – a judicially noticeable document, *see id.* – that he transported marijuana "not for personal use," indicating that the marijuana was for commercial use. *See Rendon v. Mukasey*, 520 F.3d 967, 975 (9th Cir. 2008) ("The Supreme Court has stated that 'ordinarily 'trafficking' means some sort of commercial dealing.'" (quoting *Lopez v. Gonzalez*, 549 U.S. 47, 53 (2006))). Although that fact may not conclusively demonstrate trafficking, "an inconclusive record . . . is insufficient to satisfy [an] alien's burden of proof." *Young*, 697 F.3d at 989.

**PETITION DENIED.**