**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE CUEVAS-MORENO, | No. 10-71374 |
| Petitioner, | Agency No. A035-237-425 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 15, 2012.
Submission Vacated April 16, 2013.
Resubmitted for Decision September 4, 2013.

San Francisco, California

Before: HAWKINS, M. SMITH, and MURGUIA, Circuit Judges.

Jorge Cuevas-Moreno challenges an order of the Board of Immigration

Appeals affirming the Immigration Judge's determination that he was convicted of

an aggravated felony and is therefore ineligible for cancellation of removal.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Cuevas-Moreno was convicted of a crime of domestic violence that renders him removable, but because he was only sentenced to 31 days, that crime is not an aggravated felony, which would bar his application for cancellation of removal. *See* 8 U.S.C. § 1101(a)(43)(F) (crime of violence is an aggravated felony only if the term of imprisonment is at least one year).

In addition the record contains an abstract of judgment indicating that Cuevas-Moreno was also convicted of violating California Penal Code § 487(a), which criminalizes the taking of "money, labor, or real or personal property." That statute is overbroad, which means that some convictions under the statute are aggravated felonies, but others are not. *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1039 (9th Cir. 2011). The parties dispute whether, under the modified categorical approach, we may consider the criminal complaint that indicates Cuevas-Moreno was charged with stealing personal property, conduct that would constitute an aggravated felony category. *See id.* at 1039 (stating that § 487(a) is overbroad because the theft of labor is not an aggravated felony).

We need not resolve this dispute, however, because even without considering the complaint, "the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply" and therefore, to obtain cancellation of removal Cuevas-Moreno "[has] the burden of proving by a

preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d); *Young v. Holder*, 697 F.3d 976, 988–990 (9th Cir. 2012) (en banc). Cuevas-Moreno argues that the record does not "conclusively establish" that he was convicted of an aggravated felony. Even if that is true, the record is at best inconclusive and Cuevas-Moreno "cannot carry the burden of demonstrating eligibility for cancellation of removal by establishing an inconclusive record of conviction." *Young*, 697 F.3d at 990.

**PETITION DENIED**.