FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIEL ALMANZA-ARENAS, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 09-71415 Agency No. A078-755-092 |

| | |
|---|---|
| GABRIEL ALMANZA-ARENAS, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 10-73715 Agency No. A078-755-092 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
May 7, 2013—Pasadena, California

Filed November 10, 2014

Before: Harry Pregerson and Raymond C. Fisher, Circuit
Judges, and James S. Gwin, District Judge.[*]

Opinion by Judge Pregerson;
Partial Concurrence by Judge Fisher

---

## SUMMARY[**]

---

### Immigration

The panel granted Gabriel Almanza-Arenas's petition for
review of the Board of Immigration Appeals' published
decision, *Matter of Almanza-Arenas*, 24 I. & N. Dec. 771
(BIA 2009), which held that a California state law conviction
for vehicle theft constitutes a crime involving moral
turpitude.

The panel held that Almanza-Arenas's conviction
pursuant to California Vehicle Code § 10851(a) was not a
categorical crime of moral turpitude, because it punishes both
automobile theft, a permanent taking which is a CIMT, and
joyriding, a temporary taking which is not. The panel also
held that because the statute provides alternative means by
which the offense may be committed, but not alternative
elements, it is an indivisible statute, and the BIA thus erred in
applying the modified categorical approach.

---

[*] The Honorable James S. Gwin, District Judge for the U.S. District
Court for the Northern District of Ohio, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

The panel, however, proceeded to apply the modified categorical approach, in order to demonstrate and correct the BIA's error. The panel held that because the record was inconclusive as to whether Almanza-Arenas was convicted of temporarily or permanently taking a vehicle, the BIA erred in finding him ineligible for cancellation of removal. The panel further held that the holding in *Young v. Holder*, 697 F.3d 976 (9th Cir. 2012) (en banc) (a petitioner cannot fulfill his burden to demonstrate eligibility for cancellation by establishing an inconclusive record), has been abrogated in part by the holding in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) (an alien convicted under a state statute whose elements are not "necessarily" the same as the generic federal disqualifying offense remains eligible for cancellation). The panel remanded to the BIA for further proceedings.

Judge Fisher concurred in part with the majority opinion, and concurred in the result. However, Judge Fisher would find that because CVC § 10851(a) is indivisible, the panel did not need to proceed to apply the modified categorical approach and decide that *Young* was abrogated in part by *Moncrieffe*.

## COUNSEL

Michael J. Codner (argued) and Murray D. Hilts, Law Offices of Murray D. Hilts, San Diego, California, for Petitioner.

Carol Federighi (argued), Senior Litigation Counsel; Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Stefanie Notarino Hennes, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

Jayashri Srikantiah, and Alison Kamhi, Immigrant's Rights Clinic, Mills Legal Clinic, Stanford Law School, Stanford, California; Manuel Vargas and Isaac Wheeler, Immigrant Defense Project, New York, New York, for Amicus Curiae Immigrant Defense Project, National Immigration Project of the National Lawyers Guild, Immigrant Legal Resource Center, and Federal Defenders of San Diego.

## OPINION

PREGERSON, Circuit Judge:

Petitioner Gabriel Almanza-Arenas ("Almanza-Arenas") petitions for review of a Board of Immigration Appeals's ("BIA") decision affirming a final order of removal. The BIA held that Almanza-Arenas was ineligible for cancellation of removal because he was convicted of a crime involving moral turpitude. Almanza-Arenas was convicted under California Vehicle Code § 10851(a), a statute that criminalizes both conduct that would constitute a crime of moral turpitude, and conduct that does *not* amount to a crime of moral turpitude. We hold that Almanza-Arenas's California Vehicle Code § 10851(a) conviction was not for a crime of moral turpitude and does not render him ineligible for cancellation of removal. Thus, we grant Almanza-Arenas's petition and remand to the BIA for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Almanza-Arenas is a native and citizen of Mexico. On September 12, 2000, Almanza-Arenas pled nolo contendere

under *People v. West*, 3 Cal. 3d 595 (1970),[1] to a misdemeanor violation of California Vehicle Code § 10851(a).[2] California Vehicle Code § 10851(a) punishes both automobile theft (which is a crime of moral turpitude), and joyriding (which is not a crime of moral turpitude). The California Superior Court sentenced Almanza-Arenas to twenty-four days in county jail.

Five years later, on or about January 26, 2005, Almanza-Arenas was taken into custody by a United States Customs and Border Protection ("CBP") agent at the Greyhound Bus Station in San Diego, California, after "he admitted that he was present in the United States without the proper immigration documents to be or remain here legally." On February 1, 2005, the Department of Homeland Security ("DHS") served Almanza-Arenas with a Notice to Appear. The Notice to Appear charged Almanza-Arenas with being

---

[1] A plea under *People v. West* is "a plea of nolo contendere, not admitting a factual basis for the plea." *In re Alvernaz*, 2 Cal. 4th 924, 932 (1992).

[2] California Vehicle Code § 10851(a) provides:

> Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment.

removable from the United States as an alien present in the country without being admitted or paroled, pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).

On July 21, 2005, Almanza-Arenas appeared with counsel before an immigration judge ("IJ") in San Diego. He conceded removability and applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1)[3] and voluntary departure under 8 U.S.C. § 1229c(b)(1). In his application for cancellation of removal, Almanza-Arenas disclosed his California Vehicle Code § 10851(a) conviction.

At a later hearing on November 3, 2005, DHS argued that Almanza-Arenas's conviction disqualified him from cancellation of removal because a conviction under California Vehicle Code § 10851(a) is for a crime involving moral turpitude. To commit a crime of moral turpitude a "person must have behaved in a way that is inherently base, vile, or depraved." *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009) (internal citation and quotation marks omitted). At the same hearing, DHS also placed into evidence three state court documents: (1) a felony complaint charging Almanza-Arenas with a violation of California Vehicle Code § 10851(a), (2) a copy of Almanza-Arenas's September 12, 2000 plea of nolo contendere pursuant to *People v. West* to a misdemeanor violation of California

---

[3] To be eligible for cancellation of removal, an individual must: (1) have been physically present in the United States for at least ten years, (2) have been a person of good moral character during that period, (3) *not have been convicted of a listed offense*, and (4) establish that removal would result in extreme and unusual hardship to a qualifying U.S. citizen or permanent resident relative. 8 U.S.C. § 1229b(b)(1).

Vehicle Code § 10851(a), and (3) a judgment showing that Almanza-Arenas received a sentence of twenty-four days time served. DHS did not place into evidence the transcript of Almanza-Arenas's plea colloquy for this conviction.

At the next hearing on February 16, 2006, the IJ asked Almanza-Arenas whether he was in the process of obtaining the transcript of the plea colloquy to show the basis of his nolo contendere plea under California Vehicle Code § 10851(a). Counsel explained that he was not in the process of obtaining the transcript, but would try to obtain it. Later, at the merits hearing on November 1, 2006, the IJ noted that Almanza-Arenas did not present the transcript of the plea colloquy. Almanza-Arenas's counsel argued that the reference to *People v. West* in the plea agreement indicated that the plea was made with "no admission to the facts," and that the transcript of the plea colloquy was not necessary because it would be "consistent with" the documents the government had already submitted into evidence. The IJ denied Almanza-Arenas's petition for cancellation of removal.

On April 13, 2009, the BIA published a decision affirming the IJ's holding and dismissing Almanza-Arenas's appeal. *See Matter of Almanza-Arenas*, 24 I. & N. Dec. 771 (B.I.A. 2009). The BIA held that, pursuant to *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc), the IJ properly requested the transcript of the plea colloquy from Almanza-Arenas's California Vehicle Code § 10851(a) conviction. The BIA explained that there was "ambiguity in [Almanza-Arenas's] conviction record resulting from the notation to *People v. West*."

The BIA further explained that Almanza-Arenas "failed to meet his burden of proof to establish that he was not convicted of a crime involving moral turpitude" under 8 U.S.C. § 1229a(c)(4)(A)(i) and (B). The BIA concluded that Almanza-Arenas (1) "produc[ed] the inconclusive portions of a record of conviction," and (2) "fail[ed] to comply with an appropriate request from the [IJ]."**4** *Matter of Almanza-Arenas*, 24 I. & N at 776.

Almanza-Arenas appeals the BIA's ruling. We have jurisdiction to review questions of law in a petition for review of the denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B), (D).

## II. ANALYSIS

Whether a conviction is for a crime involving moral turpitude is a question of law that we review de novo. *Olivas-Motta v. Holder*, 746 F.3d 907, 908 (9th Cir. 2013). Because Almanza-Arenas filed his application for relief on January 18, 2006, the Real ID Act and our cases that address that Act apply. *See* Real ID Act of 2005, Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 302 (codified in scattered sections of 8 U.S.C.) (Provisions of the REAL ID Act apply to "applications for . . . relief from removal made on or after" May 11, 2005.). The REAL ID Act places the burden on the applicant to show eligibility for cancellation of removal.

---

**4** The BIA also concluded that Almanza-Arenas was ineligible for the petty offense exception that may render an alien eligible for cancellation of removal even if he has a conviction for a crime involving moral turpitude. Because we conclude that the BIA erred when it found that Almanza-Arenas failed to meet his burden of proof to establish that he was not convicted of a crime involving moral turpitude, we do not reach this issue.

## A.  Almanza-Arenas's State Statute of Conviction

California Vehicle Code § 10851(a) criminalizes the act of driving or taking a vehicle not one's own, "with intent either to permanently or temporarily deprive the owner thereof" of title to or possession of her property.  Hence, an individual may be convicted under the statute whether he takes a vehicle temporarily or permanently.  *People v. Allen*, 984 P.2d 486, 490 (Cal. 1999)

## B.  The Categorical Approach

To determine whether a past conviction qualifies as a generic offense, such as a generic offense described in an immigration statute, courts use the categorical approach: "They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime."  *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).  "The prior conviction qualifies as [the generic offense] only if the statute's elements are the same as, or narrower than, those of the generic offense."  *Id*.

Here, we compare whether a conviction under California Vehicle Code § 10851(a) categorically qualifies as the generic offense of a crime involving moral turpitude.  This court acknowledged that the BIA has held that § 10851 "is a categorical theft offense even though, in some circumstances, it criminalizes taking a vehicle temporarily, as distinct from permanently." *Duenas-Alvarez v. Holder*, 733 F.3d 812, 815 (9th Cir. 2013) (citing *In re V-Z-S*, 22 I. & N. Dec. 1338 (B.I.A. 2000) (en banc)).  But "a theft offense is not categorically a crime of moral turpitude if the statute of conviction is broad enough to criminalize a taking with intent

to deprive the owner of his property only temporarily." *Castillo-Cruz*, 581 F.3d at 1159.

Almanza-Arenas's statute of conviction proscribes both conduct that does not amount to a crime of moral turpitude (temporary taking) and conduct that would constitute a crime of moral turpitude (permanent taking). The elements of his statute of conviction are neither "the same as, or narrower than, those of the generic offense." *Descamps*, 133 S. Ct. at 2281. Thus, his conviction under California Vehicle Code § 10851(a) is not categorically a crime of moral turpitude.

In *Descamps*, the Court analyzed California Penal Code § 459, which provides that a "person who enters" certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary." *Id*. at 2282. At issue was whether a conviction under California Penal Code § 459 qualified as a generic burglary (and so as a "violent felony") under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Generic burglary required that an entry be "unlawful," but § 459 did not. *Descamps*, 133 S. Ct. at 2285. The Court found that a conviction under § 459 did not qualify as a generic burglary "because California, to get a conviction, need not prove" an essential element of the generic offense: unlawful entry. *Id*. at 2285-86.

California Vehicle Code § 10851(a) is, in significant ways, analogous to California Penal Code § 459. To secure a conviction under California Vehicle Code § 10851(a), the state need not prove that a defendant permanently took a vehicle. Yet only a permanent taking is a crime of moral turpitude. *See Castillo-Cruz*, 581 F.3d at 1159. In that respect, just as in *Descamps*, "California, to get a conviction [under § 10851(a)] need not prove" an essential element of

the generic offense: a permanent taking. *Descamps*, 133 S. Ct. at 2285-86. The statute is thus overbroad in the same manner as California Penal Code § 459, because it "criminalizes a broader swath of conduct than the relevant generic offense" by criminalizing temporary as well as permanent takings. *Id.* at 2285.

Because "[Almanza-Arenas's] crime of conviction . . . does not correspond to the relevant generic offense," our analysis under the categorical approach ends here. *Id*. at 2286. We may only proceed to apply the modified categorical approach if we find that California Vehicle Code § 10851(a) is a divisible statute.

## C. The Modified Categorical Approach

### C.1 The Modified Categorical Approach is Not Applicable Because California Vehicle Code § 10851(a) is Not Divisible

Courts may apply the modified categorical approach only to divisible statutes. *Id*. at 2282. A statute is divisible where it "sets out one or more elements of the offense in the alternative," *id*. at 2281, effectively creating "several different . . . crimes." *Id*. at 2285 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)). The difference between indivisible and divisible statutes is that "indivisible statutes may contain multiple, alternative *means* of committing the crime, [but] only divisible statutes contain multiple, alternative *elements* of functionally separate crimes." *Rendon v. Holder*, 764 F.3d 1077, 1084–85 (9th Cir. 2014) (emphasis in original). A "jury faced with a divisible statute must unanimously agree on the particular offense of which the petitioner has been convicted (and thus, the alternative

element)", however, when presented with an indivisible statute the jury need not agree on which of the alternative means the petitioner used to commit the offense. *Id*. at 1085.

California Vehicle Code § 10851(a) uses "either . . . or" language to discuss the element at issue: it states that a person who drives or takes a vehicle not his own "with intent either to permanently or temporarily deprive the owner thereof" is guilty of the offense. Section 10851(a), however, does not list "alternative elements" that effectively create several different crimes, as *Descamps* and *Nijhawan* require of a divisible statute. *See Descamps*, 133 S. Ct. at 2285. Instead, the statute requires a defendant to have the minimum intent to deprive an owner of her vehicle for some period of time, but not necessarily permanently. The language in § 10851(a) does not create "different crimes," but rather establishes a threshold for the intent element—that is, a taking of a vehicle that is at least temporary, but could also be permanent. Section 10851(a) provides alternative means by which the offense may be committed, not alternative elements. In other words, § 10851(a) is an indivisible statute because it "describes a single crime that can be committed in a variety of ways depending on the intent of the actor." *People v. Llamas*, 51 Cal. App. 4th 1729, 1740 (1997).

The jury instructions for § 10851 also demonstrate the statute's indivisibility. The jury need not agree on how long the actor intended to deprive a vehicle owner of possession of her vehicle; instead the jury need only agree that "the defendant . . . intended to deprive the owner of possession or ownership of the vehicle for any period of time." Judicial Council Of California Criminal Jury Instruction 1820.

We thus hold that California Vehicle Code § 10851(a) is indivisible for the purposes of determining whether a conviction under § 10851(a) is a crime of moral turpitude. *Descamps* prohibits us from applying the modified categorical approach to an indivisible statute like § 10851(a). *See Descamps*, 133 S. Ct. at 2282. The BIA thus erred by applying the modified categorical approach to examine Almanza-Arenas's record of conviction.

### C.2    The BIA Erred in its Application of the Modified Categorical Approach

The BIA also erred in its application of the modified categorical approach. To demonstrate and correct this error, we continue in our analysis under the assumption that the statute is divisible and that it was permissible for the BIA to engage in a modified categorical approach to examine Almanza-Arenas's record of conviction.

Where the petitioner was convicted under a divisible statute, we apply the modified categorical approach to determine "which alternative element in a divisible statute formed the basis of the defendant's conviction." *Descamps*, 133 S. Ct. at 2293. This inquiry is legal, not factual, because "the [Immigration and Nationality Act] asks what offense the noncitizen was 'convicted' of, . . . not what acts he committed." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013) (internal citations omitted).

Under the modified categorical approach, "a court may determine which particular offense the noncitizen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record

of the factual basis for the plea." *Id.* at 1684 (internal quotations omitted). If the record of conviction is inconclusive, then the conviction did not "'necessarily' involve facts that correspond" to a disqualifying offense, and the noncitizen "was not convicted of a[] [disqualifying offense]" as a matter of law. *Id*. at 1687. Any ambiguity is "construed in the noncitizen's favor." *Id*. at 1693.

Here, the complaint, plea agreement, judgment, and abstract of judgment were all part of the record before the BIA. All of these documents are ambiguous as to whether Almanza-Arenas was convicted of either permanently or temporarily taking a vehicle. The complaint charges him with "either permanently or temporarily" depriving the lawful vehicle owner of their property under California Vehicle Code § 10851(a); the plea agreement indicates a nolo plea under *People v. West* to one count of violating § 10851 "per 17(b)," evidently a reference to the misdemeanor offenses section of the California Penal Code; and the judgment indicates only that Almanza-Arenas was convicted of a misdemeanor violation of § 10851(a) and sentenced to twenty-four days in custody, minus time served. The record is thus inconclusive as to whether Almanza-Arenas was convicted of temporarily or permanently taking a vehicle. Because he may have been convicted of a temporary taking, but only a permanent taking is a crime involving moral turpitude, we are unable to determine whether Almanza-Arenas was convicted of a crime involving moral turpitude.

## D. An Inconclusive Record of Conviction Does Not Render an Alien Ineligible for Cancellation of Removal

Almanza-Arenas's record of conviction did not conclusively show whether or not he was convicted of a crime involving moral turpitude. The BIA not only engaged in the modified categorical approach impermissibly, but also determined that, where the record of conviction was inconclusive, the petitioner was ineligible for cancellation of removal. This was in error. In *Moncrieffe*, the Supreme Court held that "[b]ecause we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." 133 S.Ct. at 1684 (internal quotations omitted). Because the record is inconclusive as to whether Almanza-Arenas was convicted for intending to permanently or temporarily take a vehicle we must presume that he was convicted for joyriding, which is not a crime of moral turpitude.

In *Moncrieffe*, the Supreme Court stressed that "to qualify as an aggravated felony, a conviction for the predicate offense *must necessarily establish*" all the elements of a generic aggravated felony. *Moncrieffe*, 133 S. Ct. at 1687 (emphasis added). Applying the modified categorical approach, the Supreme Court was able to determine that Moncrieffe had been convicted of possession of marijuana with intent to distribute. *See id*. at 1685. Beyond that, Moncrieffe's record of conviction was ambiguous: the Supreme Court could not determine whether Moncrieffe's conviction otherwise satisfied the elements of a generic aggravated felony. *See id*.

at 1686–87. This ambiguity, however, did *not* mean that Moncrieffe had failed to meet his supposed burden "to show that prior convictions do not constitute aggravated felonies." *Contra Young*, 697 F.3d at 989. On the contrary, "[a]mbiguity on this point means that the conviction did not 'necessarily' involve facts that correspond to" a generic aggravated felony. *Moncrieffe*, 133 S. Ct. at 1687. Because Moncrieffe's record of conviction did not establish that Moncrieffe had necessarily been convicted of all the elements of an aggravated felony, "Moncrieffe was not convicted of an aggravated felony." *Id.*

Our circuit precedent in *Young v. Holder* is clearly irreconcilable with *Moncrieffe*. In *Young*, we held that "[a] petitioner cannot carry the burden of demonstrating eligibility for cancellation of removal by establishing an inconclusive record of conviction." 697 F.3d 976, 990 (9th Cir. 2012) (en banc). Under *Young*, a petitioner like Almanza-Arenas would not be eligible for cancellation of removal because there is ambiguity as to whether he was convicted of a crime involving moral turpitude. According to *Moncrieffe*, however, this same ambiguity makes Almanza-Arenas eligible for cancellation of removal.

Other aspects of the Supreme Court's reasoning underscore the fact that *Young* is irreconcilable with *Moncrieffe*. The Supreme Court stressed that, under the modified categorical approach, "[o]ur analysis is the same in both" the context of deportability and the context of relief from removal. *Id.* at 1685 n.4. Thus, *Young* cannot be correct that the significance of an inconclusive record of conviction depends on the allocation of the burden of proof, *see Young*, 697 F.3d at 989: the Government bears the burden of proving deportability, but noncitizens bear the

burden of proving eligibility for relief from removal. *See* 8 U.S.C. § 1229a(c)(3); 8 U.S.C. § 1229a(c)(4). Indeed, the Supreme Court expressly refused to require noncitizens to prove that they had *not* been convicted of an aggravated felony. *Moncrieffe*, 133 S. Ct. at 1690 (rejecting the Government's suggestion that "[n]oncitizens should be given an opportunity during immigration proceedings to demonstrate that their predicate marijuana distribution convictions involved only a small amount of marijuana and no remuneration"). In so doing, the Supreme Court stressed that courts applying the modified categorical approach must "err on the side of underinclusiveness because ambiguity in criminal statutes referenced by the [Immigration and Nationality Act] must be construed in the noncitizen's favor." *Id*. at 1693.

Although a three judge panel may generally not overrule a prior decision of this court, this is not so where the prior decision has been "undercut by higher authority to such an extent that it has been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003). In *Moncrieffe*, the Supreme Court held that an alien convicted under a state statute whose elements are not "necessarily" the same as the generic federal disqualifying offense remains eligible for cancellation of removal. 133 S. Ct. at 1684. *Moncrieffe* overrules *Young*'s holding that to be eligible for cancellation of removal, an alien must conclusively show that his conviction did not include the elements of the federal disqualifying offense. *Young*, 697 F.3d at 990.

The generic offense at issue in *Moncrieffe* is an aggravated felony, whereas in the matter before us, the generic offense is a crime involving moral turpitude. But "[w]hen a three-judge panel is deciding whether prior case

law has been overruled, the issues decided by the higher court need not be identical in order to be controlling." *Cardenas-Delgado v. Holder*, 720 F.3d 1111, 1119 (9th Cir. 2013) (internal quotations omitted). Here, *Moncrieffe* controls because the procedures to determine whether a conviction is for a crime involving moral turpitude or an aggravated felony are identical. *See Olivas-Motta*, 746 F.3d at 911 ("There is nothing in the substantive definition of a [crime involving moral turpitude], in either the BIA's definitions or the Attorney General's distillation, that permits an IJ to use a different procedure than it uses for other crimes in determining whether an alien has been convicted of such a crime.").

*Moncrieffe* explains that its holding "is not without qualification." 133 S. Ct. at 1684. For divisible statutes, "a court may determine which particular offense the noncitizen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea." *Id*. (citing *Nijhawan*, 557 U.S. at 35) (quoting *Shepard v. U.S.*, 544 U.S. 13, 26 (2005) (internal quotation marks omitted). Moreover, *Moncrieffe* does not hold that an alien with an inconclusive record of conviction will necessarily avoid deportation. Rather, the alien avoids mandatory removal and "may seek relief from removal such as asylum or cancellation of removal." *Id*. at 1692. *Moncrieffe*'s holding allows us to avoid the unfortunate situation where "two noncitizens, each 'convicted of' the same offense, might obtain different" readings of their ambiguous prior conviction "depending on what evidence remains available or how it is perceived by an individual [IJ]." *Id*. at 1690.

Thus, where an alien is convicted under a divisible criminal statute, and may have been convicted of a lesser crime that did not include an element of moral turpitude, "we err on the side of underinclusiveness" by not disqualifying the alien from cancellation of removal, "because ambiguity in criminal statutes referenced by the INA must be construed in the noncitizen's favor." *Id*. at 1693.

## CONCLUSION

The petition is hereby **GRANTED**, and this matter is **REMANDED** to the BIA for further proceedings.

---

FISHER, Circuit Judge, concurring in part and concurring in the result:

Because California Vehicle Code § 10851(a) is not divisible, it is unnecessary in this case to apply the modified categorical approach and decide whether our en banc decision in *Young v. Holder*, 697 F.3d 976 (9th Cir. 2012), has been abrogated in part by *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). Therefore, I do not join in parts C.2 and D of the majority's opinion. I otherwise join in the majority opinion and concur in the result.