**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JUAN ALBERTO MENDEZ-SOSA,
AKA Juan Mendez,
*Defendant-Appellant*.

No. 13-10664

D.C. No.
4:13-cr-01220-RCC-
BPV-1

ORDER AND
AMENDED OPINION

Appeal from the United States District Court
for the District of Arizona
Linda R. Reade, Chief District Judge, Presiding

Argued and Submitted
January 16, 2015—San Francisco California

Filed March 2, 2015
Amended April 13, 2015

Before: J. Clifford Wallace, Milan D. Smith, Jr.,
and Michelle T. Friedland, Circuit Judges.

Order;
Per Curiam Opinion

## SUMMARY[*]

### Criminal Law

The panel affirmed a sentence for unauthorized reentry into the United States after deportation, in a case in which the district court assessed a 16-level enhancement based on its conclusion that the defendant was previously convicted of Criminal Sexual Contact under section 2C:14-3(b) of New Jersey's Criminal Justice Conduct Code, an offense the district court concluded was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

The panel held that the applicable definition of "conviction," for purposes of implementing the sentencing guidelines in the immigration context, is to be found in federal law, not state law; and that Chapter Four of the sentencing guidelines, and not the Immigration and Nationality Act, provides the proper definition of "conviction" for purposes of the enhancement.

The panel held that under Chapter Four's definitions, the defendant, who pled guilty to the New Jersey offense, was "convicted of an offense," which gave rise to a "prior sentence," which received at least one criminal history point. The panel held that because the New Jersey statute is divisible and includes alternatives that do not involve the absence of consent, the district court properly applied the modified-categorical approach to determine that the defendant was convicted of the statutory alternative involving

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

lack of consent. The panel concluded that based on the defendant's admission in his plea colloquy before the New Jersey tribunal, the conduct for which he was convicted fit within the guideline definition of a forcible sex offense, and thus the definition of crime of violence.

## COUNSEL

Henry L. Jacobs (argued), Law Offices of Henry Jacobs, PLLC, Tucson, Arizona, for Defendant-Appellant.

Erica L. Seger (argued), Assistant United States Attorney, John S. Leonardo, United States Attorney, Robert L. Miskell, Chief, Appellate Division, Tucson, Arizona, for Plaintiff-Appellee.

## ORDER

The opinion filed on March 2, 2015 is amended as follows:

On slip opinion page 6, line 18, add the following citation after "without her consent.":

> *See Almanza-Arenas v. Holder*, 771 F.3d 1184, 1192 (9th Cir. 2014) (Under the modified categorical approach, "a court may determine which particular offense the noncitizen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement,

plea colloquy, or some comparable judicial record of the factual basis for the plea").

With this amendment, Judges Smith and Friedland voted to deny the petition for rehearing en banc, and Judge Wallace so recommended.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. Mendez-Sosa's petition for rehearing en banc is therefore **DENIED**. No further petitions for rehearing or rehearing en banc will be entertained.

---

**OPINION**

PER CURIAM:

Juan Alberto Mendez-Sosa appeals from the district court's sentence of thirty-seven months in prison. The court imposed this sentence after Mendez-Sosa pled guilty to violating 8 U.S.C. § 1326(a), which prohibits unauthorized reentry into the United States after deportation. In applying the federal sentencing guidelines, the district judge assessed a 16-level sentencing enhancement because she concluded that Mendez-Sosa was previously convicted of Criminal Sexual Contact under New Jersey law, an offense which the judge concluded was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). On appeal, Mendez-Sosa argues the 16-level enhancement was improper for two reasons. First, he argues that he was never "convicted" of the prior offense as that term is defined by either New Jersey law or the

Immigration and Nationality Act. Second, he argues that even if he had been convicted of the prior offense, it was not a "crime of violence." We affirm.

I.

We review de novo the district court's selection of the applicable definition of the term "conviction," as well as the court's application of that term to the facts. *See United States v. Leal-Felix*, 665 F.3d 1037, 1040 (9th Cir. 2011) (en banc) (reviewing de novo the district court's interpretation of the sentencing guidelines, including whether to adopt a state law definition of "arrest"). We begin by rejecting Mendez-Sosa's argument that state law provides the relevant definition of "conviction" in the present context. We have previously held that federal sentencing enhancement provisions are to be "interpreted according to a uniform, national definition," and should not be "dependent upon the vagaries of state law." *Id*. (internal quotation mark omitted). Thus, we hold that the applicable definition of "conviction," for purposes of implementing the sentencing guidelines in the immigration context, is to be found in federal law, not state law. *See United States v. Cuevas*, 75 F.3d 778, 781 (1st Cir. 1996).

As to which federal law applies, the district court correctly concluded that Chapter Four of the sentencing guidelines, and not the Immigration and Nationality Act, provides the proper definition of "conviction" for purposes of the 16-level sentencing enhancement. *Cf. United States v. Pimentel-Flores*, 339 F.3d 959, 963–64 (9th Cir. 2003) (in the context of sentencing enhancements, the guideline definition of "crime of violence" governs if "the guideline definition is different from the statutory definition of that phrase," because "[e]ach definition works well within its respective regime").

The propriety of the 16-level enhancement "depend[s] on whether the [prior] conviction receives criminal history points under Chapter Four" of the guidelines. U.S.S.G. § 2L1.2, cmt n.1(C). "Although the particular guideline at issue here (§ 2L1.2) does not define 'conviction,' the guideline that contains the general instructions for assessing a defendant's criminal history does provide clear guidance." *Cuevas*, 75 F.3d at 782. Chapter Four states that, subject to some inapplicable exceptions, at least one criminal history point is to be added "for each prior sentence." U.S.S.G. § 4A1.1(c). "Where a defendant has been convicted of an offense," meaning "the guilt of the defendant has been established," including "by guilty plea," "but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence." *Id.* § 4A1.2(a)(4). Mendez-Sosa pled guilty to the New Jersey offense. Thus, under Chapter Four's definitions, Mendez-Sosa was "convicted of an offense," which gave rise to a "prior sentence," which received at least one criminal history point. *Id.* §§ 4A1.1(c); 4A1.2(a)(4). Accordingly, as long as this "conviction" was for a "crime of violence," the 16-level enhancement was proper.

## II.

We review de novo whether a conviction under section 2C:14-3(b) of New Jersey's Criminal Justice Code constitutes a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009). We conclude that the offense at issue is a "crime of violence" because it is a "forcible sex offense[]" as defined in the federal sentencing guidelines. U.S.S.G. § 2L1.2, cmt n.1(B)(iii). A "forcible sex offense" includes "*any* sex offense involving the absence of the victim's consent." *United States v. Gallegos-Galindo*, 704 F.3d 1269, 1270 (9th Cir. 2013)

(emphasis added). *See also United States v. Ruiz-Apolonio*, 657 F.3d 907, 911–12 (9th Cir. 2011). New Jersey law states that "[a]n actor is guilty of criminal sexual contact if he commits an act of sexual contact" under four enumerated circumstances, including by "physical force or coercion." N.J. STAT. ANN. § 2C:14-3(b), 2C:14-2(c)(1). Because the New Jersey statute at issue is divisible and includes alternatives that do not involve the absence of consent, the district court properly applied the modified-categorical approach to determine that Mendez-Sosa was convicted of the statutory alternative involving lack of consent. *See United States v. Quintero-Junco*, 754 F.3d 746, 751–53 (9th Cir. 2014). Mendez-Sosa admitted in his plea colloquy before the New Jersey tribunal that he "touched [the victim's] breasts . . . without her consent." *See Almanza-Arenas v. Holder*, 771 F.3d 1184, 1192 (9th Cir. 2014) (Under the modified categorical approach, "a court may determine which particular offense the noncitizen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea"). Therefore, the conduct for which Mendez-Sosa was convicted fit within the guideline definition of a forcible sex offense, and thus the definition of a crime of violence. *See Gallegos-Galindo*, 704 F.3d at 1274–75.

As a result, the district court did not err in imposing the 16-level sentencing enhancement.

**AFFIRMED.**