**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DANIEL GODOY-RAMIREZ, AKA
Daniel Godoy,

        Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

No. 12-71930

Agency No. A200-154-187

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2015
Pasadena, California

Before: PREGERSON, PARKER[**], and NGUYEN, Circuit Judges.

Daniel Godoy-Ramirez, a transgender woman who uses the name Daniella,

petitions for review of a Board of Immigration Appeals (BIA) decision affirming

the denial of her applications for asylum, withholding of removal, and relief under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Article 3 of the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252 and grant the petition.

1.  Godoy-Ramirez claims that the immigration judge (IJ) violated her Fifth Amendment Due Process rights by failing to explain the changed circumstances exception to the one-year filing deadline for asylum applications.  Though Godoy-Ramirez's argument to the BIA on this point was underdeveloped, her argument contained "reasoning sufficient to put the BIA on notice that it was called on to decide the issue."  *Young v. Holder*, 697 F.3d 976, 982 (9th Cir. 2012) (en banc); *abrogated in part on other grounds by Almanza-Arenas v. Holder*, 771 F.3d 1184 (9th Cir. 2014), *reh'g en banc granted*, 785 F.3d 366 (9th Cir. 2015).  Thus, we find that she exhausted this claim.  Reviewing her claim on the merits, we agree that the IJ violated her Due Process rights by failing to provide her with a full and fair hearing.  "[T]he IJ must adequately explain the hearing procedures to the alien," and such a duty is heightened "when the alien appears pro se."  *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002).  The IJ did not explain to Godoy-Ramirez, who appeared pro se, that she had filed her asylum application late or that she could argue that she qualified for an exception to the deadline.  This failure

---

[1] The BIA opinion refers to the petitioner using male pronouns, which is consistent with references to the petitioner in her briefing before the BIA.  Because her briefs before our court employ female pronouns, we do so as well.

2

prejudiced Godoy-Ramirez because the record contains significant facts that suggest her possible eligibility for such an exception, including being thrown out of her home for being transgender, the time she spent living on the streets, and her young age at the time of removal proceedings. The IJ failed in her "obligat[ion] to fully develop the record" by not exploring how these facts might have qualified Godoy-Ramirez for an exception to the filing deadline. *Jacinto v. INS*, 208 F.3d 725, 734 (9th Cir. 2000). On remand, Godoy-Ramirez must be provided the opportunity to argue that she is eligible for such an exception.[2]

2. The BIA committed legal error when denying Godoy-Ramirez's application for withholding of removal, and the agency's conclusion that she did not suffer past persecution in Mexico is not supported by substantial evidence. First, the BIA ignored direct evidence that Godoy-Ramirez was raped on account of her transgender identity and presumed homosexuality. Words used by a persecutor during an attack are highly indicative of a persecutor's motive, and such "motivation should not be questioned when the persecutors specifically articulate their reason for attacking a victim." *Li v. Holder*, 559 F.3d 1096, 1111-12 (9th Cir.

---

[2] Godoy-Ramirez also argues that the record conclusively shows she is eligible for an exception to the filing deadline. She did not raise this argument before the BIA, however, and thus we lack jurisdiction to consider it. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009).

2009).  The BIA failed to acknowledge that Godoy-Ramirez's rapist repeatedly used homophobic, derogatory language while raping her.  *See also Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1089 (9th Cir. 2005) ("[T]he officer's words during the assaults make clear that he was motivated by [petitioner]'s sexuality.").  Second, the BIA erred by failing to consider the rape, physical abuse, harassment, and threats suffered by Godoy-Ramirez cumulatively.  *See Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005) (noting that the agency should look to "the cumulative effect of all the incidents a petitioner has suffered") (quoting *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998)).  The BIA also ignored record evidence of the government's indifference to harms suffered by the transgender community, including police inaction in the face of threats to Godoy-Ramirez herself.  Because a finding of past persecution creates a presumption of future persecution, *see* 8 C.F.R. § 208.13(b)(1), such errors require that we grant the petition and remand for further analysis of Godoy-Ramirez's application for withholding of removal.

3.  The BIA also committed legal error in denying Godoy-Ramirez's application for CAT relief.  Though the BIA need not cite every piece of evidence supporting an applicant's claim, "where potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to

4

that evidence." *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). Here, the agency summarily dismissed Godoy-Ramirez's claim of CAT relief without considering significant record evidence showing the persecution and torture of transgender women in Mexico. "[T]he BIA neither asserted that it had considered all of the evidence nor evidenced in its opinion reasoned consideration" of such evidence, *id.* at 772, nor did it undertake an "individualized consideration" of how country conditions would affect Godoy-Ramirez as a transgender woman, *Nuru v. Gonzales*, 404 F.3d 1207, 1218 n.6 (9th Cir. 2005). "[T]he proper course of action is to remand with instructions that the BIA reconsider [the petitioner]'s CAT claim in light of the" country conditions evidence in the record. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010), *citing INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

Therefore, we **GRANT** the petition in part and **REMAND** to the BIA for further proceedings consistent with this disposition. The panel retains jurisdiction over any future appeals.

**PETITION GRANTED AND REMANDED IN PART, DISMISSED IN PART.**