**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4290**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROLAND VANCE WATSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:23-cr-00035-KDB-DCK-1)

_____

Submitted:  November 26, 2025                    Decided:  December 12, 2025

_____

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Charles R. Brewer, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roland Vance Watson pled guilty, pursuant to a written plea agreement, to production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count 2), and committing a felony involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A (Count 6). The district court sentenced him to a total of 460 months' imprisonment. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal. After conducting our *Anders* review, we affirmed the criminal judgment. *United States v. Watson*, No. 24-4290, 2025 WL 2630734 (4th Cir. Sep. 12, 2025).

After we issued our opinion, Watson sought an extension of time to file his pro se supplemental brief, which was granted. In his pro se brief,[1] Watson challenges his § 2260A conviction (Count 6), asserting that he was not required to register as a sex offender in North Carolina. He also challenges his sentence on the § 2251(a) offense (Count 2), contending that the district court improperly applied the enhanced statutory penalties in § 2251(e) without first analyzing whether his prior New Jersey conviction for sexual assault on a minor categorically qualified as a predicate offense. Watson's counsel filed a motion seeking to withdraw our prior opinion, which we construe as a petition for rehearing.[2] We grant rehearing and affirm.

---

[1] To the extent Watson contends that the district court erred by refusing to consider an untimely filed statement from the victim of his prior state court offense, the court properly declined to consider that information.

[2] We deny as moot counsel's motion for judicial inquiry.

2

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleaded guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (citation modified). Accordingly, before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Because Watson did not seek to withdraw his guilty plea, our review of the adequacy of the Fed. R. Crim. P. 11 hearing is for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024) (stating standard of review). "Four conditions must be met to correct plain error: there must be (1) an error . . . ; (2) the error must be plain; (3) it must affect substantial rights; and (4) it must seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Jones*, 157 F.4th 375, 377 (4th Cir. 2025) (citation modified). We have reviewed the Rule 11 colloquy and conclude that, although the magistrate judge[3] made several omissions, *see* Fed. R. Crim. P. 11(b)(1)(D), (E), (H), (M), none of those omissions affected Watson's substantial rights. *See Greer v. United States*, 593 U.S. 503, 508 (2021) (stating standard in Rule 11 context). Moreover, our

---

[3] Watson consented to proceed before a magistrate judge.

review of the record confirms that Watson was competent to enter a plea, *see United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012) (stating that court "must ensure that the defendant is competent to enter the plea" (citation modified)), that he knowingly and voluntarily entered his guilty plea, and that a factual basis adequately supports his plea.

Regarding Watson's claim that he was not required to register as a sex offender in North Carolina, we review for plain error only and find none. *See Jones*, 157 F.4th at 377 (providing standard). Watson's prior New Jersey conviction "triggered a requirement that [he] register as a sex offender in New Jersey." *United States v. Winczuk*, 67 F.4th 11, 13 (1st Cir. 2023). Based on that conviction, he had to register in North Carolina as well. *See* N.C. Gen. Stat. §§ 14-208.7(a), 14-208.6(4)(b) (2024). Thus, Watson is not entitled to relief on his challenge to his § 2260A conviction.

Next, we turn to Watson's challenge to the enhanced sentence he received for his § 2251(a) conviction. The penalty provision for a conviction for production of child pornography in Count 2 provides a mandatory minimum sentence of 15 years' imprisonment and a maximum sentence of 30 years' imprisonment. 18 U.S.C. § 2251(e). But if a defendant

> has one prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, . . . such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years.

*Id.* Because Watson did not object to the district court's application of § 2251(e)'s enhanced penalties, we review this claim for plain error. *See Jones*, 157 F.4th at 377 (providing standard).

4

Assuming, as Watson does, that the categorical approach applies to § 2251(e), we must "compare the elements of the statute forming the basis of the defendant's [prior] conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood," *Descamps v. United States*, 570 U.S. 254, 257 (2013), without regard "to the particular facts underlying [the prior] conviction[]," *id.* at 261 (citation modified). Because the New Jersey statute under which Watson was convicted is divisible, we apply the modified categorical approach. *United States v. Fulks*, 120 F.4th 146, 154-55 (4th Cir. 2024); *see United States v. Mendez-Sosa*, 782 F.3d 1061, 1064 (9th Cir. 2015) (recognizing that N.J. Stat. Ann. § 2C:14-2c is divisible). Under the modified categorical approach, courts "consult a limited set of record documents" to determine the specific crime for which defendant was convicted. *Fulks*, 120 F.4th at 154; *see Shepard v. United States*, 544 U.S. 13, 16 (2005) (listing documents). Once the specific crime has been identified, courts then compare the elements of that offense to the generic offense to determine if there is a categorical match. *Id.* If the enhanced penalty provision includes the phrase "relating to" certain offenses, as 18 U.S.C. § 2251(e) does, the generic offense and the state offense do not need to match perfectly. *United States v. Hardin*, 998 F.3d 582, 588 (4th Cir. 2021). Rather, the state offense "conduct only needs to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with abusive sexual [contact] involving a minor." *Id.* at 589 (citation modified). Considering these principles and the relevant statutory provisions, we conclude that Watson's prior New Jersey conviction qualified as a § 2251(e) predicate. Consequently, any error in failing to conduct a categorical analysis did not affect Watson's substantial rights.

5

Finally, we address the reasonableness of Watson's sentence.  We review a criminal "sentence[]—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  This court "first ensure[s] . . . the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id.* at 51.  If there is no significant procedural error, then this court considers the sentence's substantive reasonableness under "the totality of the circumstances."  *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).  Where, as here, the sentence is within the advisory Guidelines range, this court presumes that the sentence is substantively reasonable.  *United States v. Henderson*, 107 F.4th 287, 297 (4th Cir.), *cert. denied*, 145 S. Ct. 578 (2024).  "The presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *Id.* (citation modified).

Watson's sentence is procedurally and substantively reasonable.  The district court properly calculated the applicable Guidelines range on Count 2 as 360 to 600 months' imprisonment, based on a total offense level of 42 and a criminal history category of V, and noted the 10-year statutorily required consecutive sentence on Count 6.  The court considered the parties' arguments regarding the appropriate sentence, allowed Watson to address the court, and adequately explained its decision to impose a within-Guidelines sentence on Count 2.  Watson's total sentence is not procedurally unreasonable, nor has he

6

rebutted the presumption of substantive reasonableness. We therefore discern no abuse of discretion in the imposition of Watson's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore grant rehearing, deny Watson's motion to appoint counsel, deny as moot counsel's motion to withdraw our prior opinion, and affirm the district court's judgment. This court requires that counsel inform Watson, in writing, of the right to petition the Supreme Court of the United States for further review. If Watson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Watson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*