NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS MARTINEZ-ANTONIO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-71060

Agency No. A205-117-893

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Luis Martinez-Antonio, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not err in finding that Martinez-Antonio failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence supports the agency's determination that Martinez-Antonio otherwise failed to demonstrate a nexus between the harm he fears in Mexico and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Martinez-Antonio's withholding of removal claim fails.

2

The BIA did not err in failing to address Martinez-Antonio's contentions regarding the submission of additional evidence because he failed to sufficiently notify the BIA of an issue to decide. *See Young v. Holder*, 697 F.3d 976, 982 (9th Cir. 2012), *overruled on other grounds by Marinelarena v. Barr*, 930 F.3d 1039 (9th Cir. 2019) (holding that "an argument to the BIA requires reasoning sufficient to put the BIA on notice that it was called on to decide the issue").

Substantial evidence also supports the agency's denial of CAT relief because Martinez-Antonio failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture established).

We reject as unsupported by the record Martinez-Antonio's contentions that the agency failed to conduct the proper analysis of his claims and sufficiently explain its determinations.

**PETITION FOR REVIEW DENIED.**