NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSUE MIZRAIM ZERON-CASTANEDA, | No.  16-73350 |
| Petitioner, | Agency No. A202-084-781 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2022[**]
Pasadena, California

Before:  PAEZ and WATFORD, Circuit Judges, and BENNETT,[***] Senior District Judge.

Petitioner Josue Mizraim Zeron-Castaneda ("Castaneda") is a native and citizen of Guatemala who entered the United States in 2014. Castaneda petitions for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

review of a decision of the Board of Immigration Appeals ("BIA") upholding the denial of his application for asylum and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review each issue raised in this petition for substantial evidence, and we deny the petition for review.

**1. Credibility:** Substantial evidence supports the Immigration Judge's ("IJ's") adverse credibility determination. An adverse credibility determination is a factual finding reviewed for substantial evidence, *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and is therefore "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," *Villavicencio v. Sessions*, 904 F.3d 658, 663–64 (9th Cir. 2018) (quoting *Young v. Holder*, 697 F.3d 976, 981 (9th Cir. 2012) (en banc)). An IJ must consider "the totality of the circumstances, and all relevant factors" when evaluating an applicant's credibility, 8 U.S.C. § 1158(b)(1)(B)(iii), and must "provide specific and cogent reasons in support of an adverse credibility determination" by referring to "specific instances in the record." *Shrestha v. Holder*, 590 F.3d 1034, 1040, 1042–43 (9th Cir. 2010) (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009)).

In this case, the BIA affirmed the IJ's adverse credibility finding based on a singular inconsistency: whether Castaneda reported the first death threat to the police. Castaneda claimed in his notarized declaration that he did not take the first threat seriously and "ignored" it, but later testified that he verbally reported the first

2

threat to the local police unit. This inconsistency impacts the sincerity of Castaneda's fear and is not so trivial as to have "no bearing on [his] veracity." *Cf. id.* at 1044. Castaneda failed to articulate a persuasive explanation for this discrepancy, and the agency found that the letters and declarations he offered were inconsistent with his later testimony. As this evidence is not so clear that "any reasonable adjudicator would be compelled to conclude to the contrary," *Villavicencio*, 904 F.3d at 663–64. the BIA's adverse credibility finding is supported by substantial evidence.

**2. Likelihood of Persecution:** In light of the adverse credibility finding, substantial evidence supports the IJ's determination that Castaneda failed to show past persecution or a reasonable fear of future persecution. To qualify for asylum, "the applicant must show that '(1) [his] treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022) (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)); *see also* 8 U.S.C. § 1101(a)(42)(A). "Either past persecution or a well-founded fear of future persecution provides eligibility for a discretionary grant of asylum." *Baghdasaryan*, 592 F.3d at 1023 (quoting *Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir. 1998)); *see also* 8 C.F.R. § 1208.13(b).

Castaneda purports to fear persecution on account of his political opinion based on two death threats he received from a representative of PAN, an opposing political party. "Threats on one's life, within a context of political and social turmoil or violence, have long been held sufficient to satisfy a petitioner's burden of showing an objective basis for fear of persecution." *Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir. 2004). However, the alleged death threats themselves do not compel a finding of past persecution, *see Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021), and Castaneda's country conditions reports do not indicate any political violence perpetrated by PAN or directed against the Patriotic Party. Moreover, those same reports indicate that the Patriotic Party has been the dominant party in Guatemala since 2011, and Castaneda testified that the Party assigned bodyguards to protect him after he reported the second threat. Accordingly, substantial evidence supports the BIA's finding that Castaneda does not have a well-founded fear of persecution, and that the alleged persecution would not be committed "by the government, or by forces that the government was unable or unwilling to control." *Plancarte Sauceda*, 23 F.4th at 832.

**3. Convention Against Torture:** Substantial evidence supports the BIA's denial of CAT relief. To receive mandatory relief under the Convention, an applicant must demonstrate that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Hamoui v. Ashcroft*, 389 F.3d 821,

826 (9th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)). Implementing regulations define torture as "an extreme form of cruel and inhuman treatment," requiring the "intentional infliction" of "severe pain or suffering . . . by, or at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1)–(4).

As Castaneda cannot rely on his discredited testimony, the country conditions reports, declarations, and letters on the record are insufficient to "demonstrate that he would be subject to a '*particularized threat* of torture.'" *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)). *Cf. Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard."); *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) ("[G]eneral reports indicating that torture occurs in Yemen . . . do not compel the conclusion that Almaghzar would be tortured if returned."). Accordingly, substantial evidence supports the agency's conclusion that Castaneda has not carried his burden of proof under the Convention Against Torture. Even if the country conditions report he offers adequately demonstrates the widespread practice of torture in Guatemala, the record does not compel a finding that it is more likely than not that *Castaneda, individually,* would be tortured upon his return.

**PETITION DENIED.**