**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Heriberto Elmes-Mariano, | No. 21-8 |
| Petitioner, | Agency No. A205-975-859 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted on April 19, 2023 **
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and MORRIS,*** District
Judge.

Petitioner Heriberto Elmes-Mariano, a native of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA"), which

dismissed his appeal of an order of an Immigration Judge ("IJ"). In his petition,

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Brian M. Morris, United States District Judge for
the District of Montana, sitting by designation.

Elmes-Mariano seeks review of only the denials of his applications for cancellation of removal, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 over the withholding and CAT claims, and we deny the petition. We lack jurisdiction to review the claim regarding cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(i), and we dismiss the petition as to that claim.

1. The Immigration Judge ("IJ") did not err by issuing a Notice to Respondent, which notified Elmes-Mariano of his obligation to produce documentation of his criminal history. Elmes-Mariano argues that, in substance, the Notice was an improper demand for records related to his criminal history under *Rosas-Castaneda v. Holder*, 655 F.3d 875 (9th Cir. 2011), *overruled on other grounds, Young v. Holder*, 697 F.3d 976 (9th Cir. 2012).

The Immigration and Nationality Act (INA) requires applicants for relief from removal to "comply with the applicable requirements to submit information or documentation in support of the applicant's application for relief or protection as provided . . . in the instructions for the application form." 8 U.S.C. § 1229a(c)(4)(B). The application that Elmes-Mariano completed required him to "submit documentation" of his criminal history. *See* Dept. of Justice, Executive Office for Immigration Review, Form EOIR–42B, Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents 5 (Rev. Jul. 2014). Elmes-Mariano does not dispute that he failed to provide any documentation about his criminal history before his

individual hearing.[1] The IJ did not act outside of their authority in issuing a Notice to Elmes-Mariano notifying him that he had not yet "provided any documentation . . . regarding his criminal history" and advising him "of the need to submit evidence regarding the disposition of each citation, arrest and/or conviction" as required.

*Rosas-Castaneda* does not apply in this case. In *Rosas-Castaneda*, an applicant for relief from removal produced his record of conviction—a criminal complaint and plea agreement. 655 F.3d at 883. The IJ requested the applicant to produce a transcript of his plea hearing in state court, because the record of conviction was inconclusive as to whether the applicant had necessarily been convicted of a controlled substance offense. *Id.* We held that § 1229a(c)(4)(B) does not authorize an IJ to order an applicant for relief from removal to produce corroboration of non-testimonial evidence, and therefore the IJ's order to supplement the record of conviction with a transcript of the applicant's state court plea hearing was in error. *Id.* at 887. Here, the IJ's Notice was not a demand to supplement the record of conviction like that in *Rosas-Castaneda*. And unlike the applicant in *Rosas-Castaneda*, Elmes-Mariano does not dispute that he failed to produce *any* documentation related to his crimes.

2.	Elmes-Mariano next challenges the BIA's denial of his application for cancellation of removal on the ground that he is statutorily ineligible

---

[1] Elmes-Mariano later produced some evidence of some of his criminal history.

3

because he is not a person of good moral character. Elmes-Mariano contests the IJ's factual finding that he made false statements about his criminal and immigration history with dishonest intent. *See* 8 U.S.C. § 1101(f)(6) ("No person shall be regarded as . . . a person of good moral character who . . . g[ave] false testimony for the purpose of obtaining any benefits under this chapter."). That finding is a factual determination that underlies a denial of discretionary relief authorized by 8 U.S.C. § 1229b. Because 8 U.S.C. § 1252(a)(2)(B)(i) "strips courts of jurisdiction to review 'any judgment regarding the granting of relief'" under the specified provisions, which include § 1229b, we lack jurisdiction to review the contested factual determination. *Patel v. Garland*, 142 S. Ct. 1614, 1621, 1627 (2022) (interpreting § 1252(a)(2)(B)(i) as precluding judicial review of facts found as part of discretionary-relief proceedings under the specified provisions). We therefore dismiss the petition as to Elmes-Mariano's claim regarding cancellation of removal.

3. Elmes-Mariano next argues that the BIA erred in denying his application for withholding of removal on the ground that his proposed social group of "persons who are perceived as wealthy because of the amount of time they have spent in the United States" was not cognizable. "Whether a group constitutes a 'particular social group' under the INA is a question of law we review de novo." *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We have previously rejected the social group that Elmes-Mariano proposes as not cognizable under the INA. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229

4

(9th Cir. 2016) (rejecting social group of "imputed wealthy Americans"). Elmes-Mariano argues that *Ramirez-Munoz* was wrongly decided, but we are bound to follow it absent clearly irreconcilable intervening authority. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). The BIA did not err in rejecting Elmes-Mariano's proposed social group.

4.      Substantial evidence supports the BIA's determination that Elmes-Mariano is not eligible for CAT relief. To establish eligibility for CAT protection, "an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). Elmes-Mariano does not point to any evidence in the record specific to him; he relies only on general conditions of violence and the country report for Mexico to establish a likelihood of torture. That evidence is not sufficient to establish a particularized risk of torture to Elmes-Mariano. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

**PETITION DISMISSED IN PART, DENIED IN PART.**